| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**TRAURIG LAW LLC**<br>Jeffrey M. Traurig, Esq.<br>One University Plaza, Suite 124<br>Hackensack, New Jersey 07601<br>(646) 974-8650 (Telephone)<br><br>*Co-counsel to Judgment Creditors*<br><br>**FLORENCE ROSTAMI LAW LLC**<br>Florence Rostami (*admitted pro hac vice*)<br>Neal Haber (*admitted pro hac vice*)<br>420 Lexington Avenue, Suite 1402<br>New York, New York 10170<br>T (212) 209-3962<br>F (212) 209-7101<br><br>*Lead Counsel to Judgment Creditors* | |
| In re:<br><br>Masahiko and Yasuko Negita,<br><br>                    Debtors. | Case No.: 23-12365 (SLM)<br><br>Chapter 11<br><br>Hon. Stacey L. Meisel U.S.B.J.<br><br>Hearing Date: June 13 2023 at 11:00 a.m. |

**DECLARATION OF FLORENCE ROSTAMI IN SUPPORT OF MOTION FOR ORDERS (i) TO STRIKE MASAHIKO NEGITA FROM SUBCHAPTER V; (ii) THAT THE BANKRUPTCY ESTATES OF MASAHIKO NEGITA AND YASUKO NEGITA ARE NOT SUBSTANTIVELY CONSOLIDATED AND SHALL BE SEPARATELY DETERMINED; and (iii) TO HOLD THAT DEBTORS ARE NOT ENTITLED TO ANY EXEMPTION WITH RESPECT TO THE IRA AND SEP IRA ACCOUNTS LISTED IN DEBTORS' SCHEDULES**

       Under the penalty of perjury pursuant to the laws of the United States I, Florence Rostami, state as follows:

1. I am a member of Florence Rostami Law, LLC.

2. I am one of the lead counsels on this case and as such familiar with all facts related to this motion.

3. I make this Declaration on behalf of Creditors Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit ("**Judgment Creditors**") in support of the Motion to enter an order (i) pursuant to Fed.R.Bankr.P. 1020(b) to strike designation of Masahiko Negita ("Masahiko") as a debtor whose estate can be administered pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code ("Subchapter V"); (ii) that Yasuko Negita ("Yasuko") and Masahiko (jointly "Debtors"), who have filed with this Court a consolidated petition for bankruptcy has created and/or maintained two separate estates that cannot be consolidated should be disaggregated and administered separately; and (iii) that pursuant to Fed.R.Bankr.P. 4003, Debtors are not entitled to any exemptions for any amount of the assets of the IRA: Merrill Lynch and SEP IRA: Merrill Lynch accounts listed on Schedule C of the Summary of Your Assets and Liabilities and Certain Statistical Information (the "Summary")[Doc. 19].

4. Central to the determination of Masahiko's status (or absence of status) under Subchapter V is the business entity known as Ku-Raku New York, Inc. ("Kuraku"), a New York corporation that operates a restaurant located at 3952 Broadway, New York, New York. Kuraku was formed in 2018. As stated in Kuraku's 2018 federal income tax return (for its 2018 fiscal year ending September 30, 2019) and in Kuraku's 2019 federal income tax return (for its fiscal year ending September 30, 2020) and 2020 federal income tax return (for its fiscal year ending

September 30, 2021), Yasuko owns 100 percent of the outstanding shares of Kuraku.[1] [Annexed as Exhibit 1 are the pertinent pages of each of the Kuraku federal income tax returns]

5. The incorporation documents for Kuraku, dated October 2018, state that Yasuko owns 90 percent of the outstanding shares of Kuraku and is Kuraku's president, and that another individual, Miho Maki ("Maki"), owns the remaining 10 percent and is the secretary of Kuraku. [Annexed as Exhibit 2 are the pertinent pages of Kuraku's incorporation papers, specifically the minutes of the first meeting of the Board of Directors of Kuraku.] Whether Yasuko owns 90 percent of the outstanding shares of Kuraku, or 100 percent of its shares, it is indisputable that she owns a substantial majority or all of the shares of Kuraku and is Kuraku's president. Consequently, It is indisputable that Yasuko is engaged in commercial or business activities and is a "small business debtor" as defined in Section 1182(1) and Section 101(51D).

6. However, the same cannot be said of Masahiko. Masahiko holds no ownership interest in Kuraku. Masahiko is not an officer or director of Kuraku. Rather, Masahiko is an employee of Kuraku, who is compensated solely by a salary subject to employee withholdings and deductions.  In the third quarter of 2022, Masahiko was paid gross wages by Kuraku of $5,200.00; in the fourth quarter of 2022, he was paid gross wages of $8,400.00; and in the first quarter of 2023, he was paid gross wages of $10,500.00. [Annexed as Exhibit 3 is the Quarterly Combined Withholding, Wage Reporting, and Unemployment Insurance Return filed by Kuraku, under the name of Yasuko Negita, for each of the quarters of 2022 and the first quarter of 2023]

7. During these same quarters, Yasuko (who is the majority owner and president of

---

[1] Currently pending before United States District Court for the Southern District of New York is Judgment Creditors' motion seeking a determination that Kuraku is an alter ego of Ramen-Ya Inc. a judgment debtor not involved in this bankruptcy proceeding. If that court rules in favor of Judgment Creditors, Judgment Creditors shall move this Court to dismiss Yasuko's petition under Subchapter V since she cannot rightfully claim to be engaged in commerce or business activities.

Kuraku) received the following compensation: in the third quarter of 2022, Yasuko was paid gross wages by Kuraku of $23,000.00; in the fourth quarter of 2022, she was paid gross wages of $18,000.00; and in the first quarter of 2023, she was paid gross wages of $21,000.00. Maki (who is the secretary of Kuraku and may hold an ownership interest in Kuraku) received the following compensation: In the third quarter of 2022, Maki was paid gross wages by Kuraku of $18,000.00; in the fourth quarter of 2022, she was paid gross wages of $13,500.00; and in the first quarter of 2023, she was paid gross wages of $20,500.00.

8. As reflected in Exhibit 3, Masahiko was paid far less than Yasuko and Maki, and indeed less than other employees of Kuraku. Masahiko's name does not appear in any corporate documents as a corporate representative or agent of Kuraku, including with respect to the formation of Kuraku or at any time thereafter. Thus, it can only be concluded that Masahiko is not engaged in commercial or business activities with respect to Kuraku.

9. Among the liabilities identified in Schedule E/F of the Summary is a debt to the New York State Department of Taxation and Finance in the amount of $1,406,691.04, and an additional liability to the Department of Education/Advantage for student loans in the amount of $473,988.12. These debts are solely those of Masahiko. In post-judgment discovery in the District Court Action, and as ordered by the District Court, on August 29, 2022, Masahiko and Yasuko each signed, under penalty of perjury, a "CPLR 6219 Garnishee's Statement", in which they purportedly identified all of their assets and liabilities. Notably, their respective CPLR 6219 Garnishee's Statements did not identify all of the assets and liabilities that they have enumerated in the Schedule filed in this proceeding—even as to assets and liabilities in existence on August 29, 2022. However, the respective CPLR 6219 Garnishee's Statements declare that the debt to the New York State Department of Taxation and Finance and to the Department of

Education/Advantage for student loans are liabilities of Masahiko alone, and that Yasuko has no liability for these amounts. [Annexed as Exhibit 4 are the CPLR 6219 Garnishee's Statements signed by Yasuko and Masahiko under oath on August 29, 2022]

10. On August 10, 2022, the United States District Court for the Southern District of New York (the "District Court"), in *Keawsri et al., v. Ramen-Ya Inc. et al.*, 17 Civ. 02406 (the "District Court Action"), entered a Judgment against Debtors (and other defendants in that action) in the amount of $ 1,798,633.63. The Debtors are jointly and severally liable for the Judgment, along with post-judgment interest. This amount is the liability set forth by Debtors in Schedule E/F (notwithstanding that they state in Schedule E/F that this amount is owed only to the named plaintiff in the caption of the District Court Action, this amount is due and owing *en toto* to Judgment Creditors, based on the amount of damages and penalties to be paid to each plaintiff and for the payment of attorney's fees and costs in the amount determined by the District Court).

11. After Judgment was entered, Judgment Creditors commenced to execute the judgment. They identified, through extensive efforts and despite resistance by Debtors, the other judgment debtors in that action, and their attorneys, assets held in the name of Debtors and other judgment debtors, and sought, in accordance with Fed.R.Civ.P. 69 and New York law (C.P.L.R. Article 52), to recover amounts due and owing to them pursuant to the Judgment.

12. Among the assets identified during this search were certain individual retirement accounts and self employed retirement accounts (jointly "IRA Accounts") established by Debtors with Merrill Lynch, Pierce, Fenner & Smith ("Merrill"). Judgment Creditors moved before the District Court for an order, *inter alia*, directing Debtors to turn over to Judgment Creditors the funds in three Merrill accounts. Debtors had full opportunity to come forth with facts demonstrating that inasmuch as the three Merrill accounts were IRA, turnover of the funds in those

accounts were exempted by applicable law, but they failed to do so. On December 19, 2020, the District Court held that the exemption for such accounts does not apply and that "Judgment Debtors are required to, and will be ordered to, turn over the funds in these accounts." Debtors moved for reconsideration of the District Court's order, which the District Court denied on January 24, 2023. [Annexed as Exhibit 5 is the District Court's decisions issued on December 19, 2022 and January 24, 2023]

13.   The District Court decisions denying exemption for turnover of the Merrill accounts are *res judicata* with respect to this matter and Debtors are barred from challenging those decisions in this proceeding. Debtors were represented by counsel throughout the District Court proceeding, and they had full opportunity to raise their position that the exemption for turnover of retirement account funds applies to the Merrill accounts, including at a hearing before the District Court where they had opportunity to present evidence on this matter. They did not do so, and the District Court rejected their claim for an exemption—and found unavailing their motion for reconsideration of its decision. Debtors did not appeal the District Court's order, and thus the determination by the District Court that no exemption for the funds in the Merrill accounts is final and is "the law of the case." is respectfully submitted that this Court must respect and give full credit to the District Court's decision.

14.   For the foregoing reasons, and in full consideration of the filings in this matter and the annexed exhibits, this Court should grant Judgment Creditors' motion in its entirety.

Dated: New York, New York
       May 25, 2023

                                                          ___/s/Florence Rostami_____
                                                             Florence Rostami