# EXHIBIT 1

## Pertinent pages of each of Kuraku Federal Income Tax Returns

## For 2018, 2019 and 2020

| Form **1120** | | **U.S. Corporation Income Tax Return** | | OMB No. 1545-0123 |
|---|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | | For calendar year 2018 or tax year beginning __Oct 1__ , 2018, ending __Sep 30__ , 20 19<br>▶ Go to *www.irs.gov/Form1120* for instructions and the latest information. | | **2018** |

| A | Check if: | | | | | B Employer identification number |
|---|---|---|---|---|---|---|
| 1a | Consolidated return (attach Form 851) ☐ | **TYPE** | Name<br>KU-RAKU NEW YORK INC. | | | 1957 |
| b | Life/nonlife consolidated return . ☐ | **OR** | Number, street, and room or suite no. If a P.O. box, see instructions.<br>3954 BROADWAY | | | C Date incorporated<br>10/16/2018 |
| 2 | Personal holding co. (attach Sch. PH) . ☐ | **PRINT** | City or town, state or province, country, and ZIP or foreign postal code<br>NEW YORK                          NY  10032 | | | D Total assets (see instructions)<br>$          67,028 |
| 3 | Personal service corp. (see instructions) . ☐ | | | | | |
| 4 | Schedule M-3 attached ☐ | E Check if: (1) ☐ Initial return    (2) ☐ Final return    (3) ☐ Name change    (4) ☐ Address change | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Income | 1a | Gross receipts or sales . . . . . . . . . . . . . . | 1a | 0 | | | |
| | b | Returns and allowances . . . . . . . . . . . . . | 1b | | | | |
| | c | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . | | | 1c | 0 | |
| | 2 | Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . . | | | 2 | | |
| | 3 | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . | | | 3 | 0 | |
| | 4 | Dividends and inclusions (Schedule C, line 23, column (a)) . . . . . . . . . . | | | 4 | | |
| | 5 | Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 5 | | |
| | 6 | Gross rents . . . . . . . . . . . . . . . . . . . . . . . . . | | | 6 | | |
| | 7 | Gross royalties . . . . . . . . . . . . . . . . . . . . . . . . | | | 7 | | |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) . . . . . . . . . . . | | | 8 | | |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . . . . | | | 9 | | |
| | 10 | Other income (see instructions—attach statement) . . . . . . . . . . . . . | | | 10 | | |
| | 11 | **Total income.** Add lines 3 through 10 . . . . . . . . . . . . . . . . ▶ | | | 11 | 0 | |
| Deductions (See instructions for limitations on deductions.) | 12 | Compensation of officers (see instructions—attach Form 1125-E) . . . . . . . . ▶ | | | 12 | | |
| | 13 | Salaries and wages (less employment credits) . . . . . . . . . . . . . . . | | | 13 | | |
| | 14 | Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . | | | 14 | | |
| | 15 | Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . | | | 15 | | |
| | 16 | Rents . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 16 | | |
| | 17 | Taxes and licenses . . . . . . . . . . . . . . . . . . . . . . . | | | 17 | 50 | |
| | 18 | Interest (see instructions) . . . . . . . . . . . . . . . . . . . . . | | | 18 | | |
| | 19 | Charitable contributions . . . . . . . . . . . . . . . . . . . . . | | | 19 | | |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . . | | | 20 | | |
| | 21 | Depletion . . . . . . . . . . . . . . . . . . . . . . . . . | | | 21 | | |
| | 22 | Advertising . . . . . . . . . . . . . . . . . . . . . . . . . | | | 22 | | |
| | 23 | Pension, profit-sharing, etc., plans . . . . . . . . . . . . . . . . . . | | | 23 | | |
| | 24 | Employee benefit programs . . . . . . . . . . . . . . . . . . . . | | | 24 | | |
| | 25 | Reserved for future use . . . . . . . . . . . . . . . . . . . . . | | | 25 | | |
| | 26 | Other deductions (attach statement)  AMORTIZATION . . . . . . . . . . . . | | | 26 | 1,140 | |
| | 27 | **Total deductions.** Add lines 12 through 26 . . . . . . . . . . . . . . ▶ | | | 27 | 1,190 | |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11. | | | 28 | -1,190 | |
| | 29a | Net operating loss deduction (see instructions) . . . . . . . . . | 29a | | | | |
| | b | Special deductions (Schedule C, line 24, column (c)) . . . . . . | 29b | | | | |
| | c | Add lines 29a and 29b . . . . . . . . . . . . . . . . . . . . . | | | 29c | | |
| Tax, Refundable Credits, and Payments | 30 | **Taxable income.** Subtract line 29c from line 28. See instructions . . . . . . . . | | | 30 | -1,190 | |
| | 31 | Total tax (Schedule J, Part I, line 11) . . . . . . . . . . . . . . . . . | | | 31 | 0 | |
| | 32 | 2018 net 965 tax liability paid (Schedule J, Part II, line 12) . . . . . . . . . . . | | | 32 | | |
| | 33 | Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) . . . . . | | | 33 | | |
| | 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached . . . . . ▶ ☐ | | | 34 | | |
| | 35 | Amount owed. If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed . . | | | 35 | | |
| | 36 | Overpayment. If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid . . . | | | 36 | 0 | |
| | 37 | Enter amount from line 36 you want: Credited to 2019 estimated tax ▶            Refunded ▶ | | | 37 | | |

| Sign Here | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | | May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No |
|---|---|---|---|---|
| | Signature of officer | Date | ▶ PRESIDENT<br>Title | |

| Paid Preparer Use Only | Print/Type preparer's name<br>KIL S JUNG, CPA | Preparer's signature<br>KIL S JUNG, CPA | Date<br>05/15/2023 | Check ☒ if self-employed | PTIN<br>P01717931 |
|---|---|---|---|---|---|
| | Firm's name ▶ KIL S. JUNG, CPA | | | Firm's EIN ▶ | 1360 |
| | Firm's address ▶ 16 W 32ND ST, STE 1104 NEW YORK NY 10001 | | | Phone no. (212) 714-1772 | |

**For Paperwork Reduction Act Notice, see separate instructions.** REV 01/29/19 PRO          Cat. No. 11450Q          Form **1120** (2018)

BAA

**SCHEDULE G
(Form 1120)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Information on Certain Persons Owning the
Corporation's Voting Stock**
▶ Attach to Form 1120.
▶ See instructions on page 2.

OMB No. 1545-0123

Name

KU-RAKU NEW YORK INC.

Employer identification number (EIN)

1.957

**Part I**   **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II**   **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| YASUKO NEGITA | | US | 100 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Form **1120** | | **U.S. Corporation Income Tax Return** | | | OMB No. 1545-0123 |
|---|---|---|---|---|---|

Department of the Treasury
Internal Revenue Service

For calendar year 2019 or tax year beginning __Oct 1__, 2019, ending __Sep 30__, 20 __20__

▶ Go to *www.irs.gov/Form1120* for instructions and the latest information.

**2019**

| **A** Check if: | | Name | | **B** Employer identification number |
|---|---|---|---|---|
| **1a** Consolidated return (attach Form 851) ☐ | **TYPE** | KU-RAKU NEW YORK INC. | | ◼ 1957 |
| **b** Life/nonlife consolidated return . . ☐ | **OR** | Number, street, and room or suite no. If a P.O. box, see instructions. | | **C** Date incorporated |
| **2** Personal holding co. (attach Sch. PH) . . ☐ | **PRINT** | 3952 BROADWAY | | 10/16/2018 |
| **3** Personal service corp. (see instructions) . ☐ | | City or town, state or province, country, and ZIP or foreign postal code | | **D** Total assets (see instructions) |
| **4** Schedule M-3 attached ☐ | | NEW YORK                    NY  10032 | | $                    183,709 |

**E** Check if: **(1)** ☐ Initial return    **(2)** ☐ Final return    **(3)** ☐ Name change    **(4)** ☐ Address change

| | | | | | |
|---|---|---|---|---:|---:|
| **Income** | **1a** | Gross receipts or sales . . . . . . . . . . . . . . . . | **1a** | 0 | |
| | **b** | Returns and allowances . . . . . . . . . . . . . . . | **1b** | | |
| | **c** | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . | **1c** | | 0 |
| | **2** | Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . | **2** | | |
| | **3** | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . | **3** | | 0 |
| | **4** | Dividends and inclusions (Schedule C, line 23) . . . . . . . . . . | **4** | | |
| | **5** | Interest . . . . . . . . . . . . . . . . . . . . | **5** | | |
| | **6** | Gross rents . . . . . . . . . . . . . . . . . . . | **6** | | |
| | **7** | Gross royalties . . . . . . . . . . . . . . . . . . | **7** | | |
| | **8** | Capital gain net income (attach Schedule D (Form 1120)) . . . . . . . | **8** | | |
| | **9** | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . | **9** | | |
| | **10** | Other income (see instructions—attach statement) . . . . . . . . . | **10** | | |
| | **11** | **Total income.** Add lines 3 through 10 . . . . . . . . . . . ▶ | **11** | | 0 |

| | | | | |
|---|---|---|---|---:|
| **Deductions (See instructions for limitations on deductions.)** | **12** | Compensation of officers (see instructions—attach Form 1125-E) . . . . . . ▶ | **12** | |
| | **13** | Salaries and wages (less employment credits) . . . . . . . . . . | **13** | |
| | **14** | Repairs and maintenance . . . . . . . . . . . . . . . . | **14** | |
| | **15** | Bad debts . . . . . . . . . . . . . . . . . . . . | **15** | |
| | **16** | Rents . . . . . . . . . . . . . . . . . . . . . | **16** | |
| | **17** | Taxes and licenses . . . . . . . . . . . . . . . . . | **17** | 50 |
| | **18** | Interest (see instructions) . . . . . . . . . . . . . . . . | **18** | |
| | **19** | Charitable contributions . . . . . . . . . . . . . . . . | **19** | |
| | **20** | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . . . | **20** | 357 |
| | **21** | Depletion . . . . . . . . . . . . . . . . . . . . | **21** | |
| | **22** | Advertising . . . . . . . . . . . . . . . . . . . . | **22** | |
| | **23** | Pension, profit-sharing, etc., plans . . . . . . . . . . . . . | **23** | |
| | **24** | Employee benefit programs . . . . . . . . . . . . . . . | **24** | |
| | **25** | Reserved for future use . . . . . . . . . . . . . . . . | **25** | |
| | **26** | Other deductions (attach statement)   Other Deductions Statement . . . . | **26** | 11,886 |
| | **27** | **Total deductions.** Add lines 12 through 26 . . . . . . . . . . ▶ | **27** | 12,293 |
| | **28** | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11. . | **28** | -12,293 |

| | | | | |
|---|---|---|---|---:|
| | **29a** | Net operating loss deduction (see instructions) . . . . . . . . . | **29a** | |
| | **b** | Special deductions (Schedule C, line 24) . . . . . . . . . . . | **29b** | |
| | **c** | Add lines 29a and 29b . . . . . . . . . . . . . . . . | **29c** | |

| | | | | |
|---|---|---|---|---:|
| **Tax, Refundable Credits, and Payments** | **30** | **Taxable income.** Subtract line 29c from line 28. See instructions . . . . . | **30** | -12,293 |
| | **31** | Total tax (Schedule J, Part I, line 11) . . . . . . . . . . . . | **31** | 0 |
| | **32** | 2019 net 965 tax liability paid (Schedule J, Part II, line 12) . . . . . . . | **32** | |
| | **33** | Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) . . . . . | **33** | |
| | **34** | Estimated tax penalty. See instructions. Check if Form 2220 is attached . . . . . . . ▶ ☐ | **34** | |
| | **35** | **Amount owed.** If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed . . . . | **35** | |
| | **36** | **Overpayment.** If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid . . . . | **36** | 0 |
| | **37** | Enter amount from line 36 you want: **Credited to 2020 estimated tax** ▶            **Refunded** ▶ | **37** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Signature of officer | Date __10/22/2020__ | Title __PRESIDENT__ | May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No |
|---|---|---|---|

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☒ if self-employed | PTIN |
|---|---|---|---|---|
| KIL S JUNG, CPA | KIL S JUNG, CPA | 05/15/2023 | | P01717931 |
| Firm's name ▶ KIL S. JUNG, CPA | | | Firm's EIN ▶ ◼ | 1360 |
| Firm's address ▶ 16 W 32ND ST, STE 1104 NEW YORK NY 10001 | | | Phone no. (212) 714-1772 | |

**For Paperwork Reduction Act Notice, see separate instructions.** REV 03/01/21 PRO                    Form **1120** (2019)

BAA

| **SCHEDULE G**<br>**(Form 1120)**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Information on Certain Persons Owning the**<br>**Corporation's Voting Stock**<br>▶ Attach to Form 1120.<br>▶ See instructions on page 2. | OMB No. 1545-0123 |
|---|---|---|

| Name | Employer identification number (EIN) |
|---|---|
| KU-RAKU NEW YORK INC. | ▮957 |

**Part I**   **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II**   **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| YASUKO NEGITA | ▮ | US | 100 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| For Paperwork Reduction Act Notice,<br>see the Instructions for Form 1120. BAA | REV 03/01/21 PRO | Schedule G (Form 1120) (Rev. 12-2011) |
|---|---|---|

# Form 1120

**U.S. Corporation Income Tax Return**

Department of the Treasury
Internal Revenue Service

For calendar year 2020 or tax year beginning **Oct 1** , 2020, ending **Sep 30** , 20 **21**

▶ Go to *www.irs.gov/Form1120* for instructions and the latest information.

OMB No. 1545-0123

**2020**

**A Check if:**
1a Consolidated return (attach Form 851) ☐
  b Life/nonlife consolidated return . ☐
2 Personal holding co. (attach Sch. PH) . ☐
3 Personal service corp. (see instructions) . ☐
4 Schedule M-3 attached ☐

**TYPE OR PRINT**

Name
**KU-RAKU NEW YORK INC.**

Number, street, and room or suite no. If a P.O. box, see instructions.
**3952 BROADWAY**

City or town, state or province, country, and ZIP or foreign postal code
**NEW YORK** **NY 10032**

**B Employer identification number**
███ 957

**C Date incorporated**
10/16/2018

**D Total assets (see instructions)**
$ 164,201

**E** Check if: **(1)** ☐ Initial return    **(2)** ☐ Final return    **(3)** ☐ Name change    **(4)** ☐ Address change

| | | | | |
|---|---|---|---|---:|
| **Income** | 1a | Gross receipts or sales | 1a | 0 |
| | b | Returns and allowances | 1b | |
| | c | Balance. Subtract line 1b from line 1a | 1c | 0 |
| | 2 | Cost of goods sold (attach Form 1125-A) | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 0 |
| | 4 | Dividends and inclusions (Schedule C, line 23) | 4 | |
| | 5 | Interest | 5 | |
| | 6 | Gross rents | 6 | |
| | 7 | Gross royalties | 7 | |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 9 | |
| | 10 | Other income (see instructions—attach statement) | 10 | |
| | 11 | **Total income.** Add lines 3 through 10 ▶ | 11 | 0 |

| | | | | |
|---|---|---|---|---:|
| **Deductions (See instructions for limitations on deductions.)** | 12 | Compensation of officers (see instructions—attach Form 1125-E) ▶ | 12 | |
| | 13 | Salaries and wages (less employment credits) | 13 | |
| | 14 | Repairs and maintenance | 14 | |
| | 15 | Bad debts | 15 | |
| | 16 | Rents | 16 | |
| | 17 | Taxes and licenses | 17 | 50 |
| | 18 | Interest (see instructions) | 18 | |
| | 19 | Charitable contributions | 19 | |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 20 | 4,102 |
| | 21 | Depletion | 21 | |
| | 22 | Advertising | 22 | |
| | 23 | Pension, profit-sharing, etc., plans | 23 | |
| | 24 | Employee benefit programs | 24 | |
| | 25 | Reserved for future use | 25 | |
| | 26 | Other deductions (attach statement) Other Deductions Statement | 26 | 16,634 |
| | 27 | **Total deductions.** Add lines 12 through 26 ▶ | 27 | 20,786 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11. | 28 | −20,786 |
| | 29a | Net operating loss deduction (see instructions) | 29a | |
| | b | Special deductions (Schedule C, line 24) | 29b | |
| | c | Add lines 29a and 29b | 29c | |

| | | | | |
|---|---|---|---|---:|
| **Tax, Refundable Credits, and Payments** | 30 | **Taxable income.** Subtract line 29c from line 28. See instructions | 30 | −20,786 |
| | 31 | Total tax (Schedule J, Part I, line 11) | 31 | 0 |
| | 32 | 2020 net 965 tax liability paid (Schedule J, Part II, line 12) | 32 | |
| | 33 | Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) | 33 | 0 |
| | 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached ▶ ☐ | 34 | |
| | 35 | **Amount owed.** If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed | 35 | |
| | 36 | **Overpayment.** If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid | 36 | 0 |
| | 37 | Enter amount from line 36 you want: **Credited to 2021 estimated tax** ▶            **Refunded** ▶ | 37 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

_____  _____  ▶ **PRESIDENT**
Signature of officer    Date    Title

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | | PTIN |
|---|---|---|---|---|
| KIL S JUNG, CPA | KIL S JUNG, CPA | 08/11/2022 | Check ☒ if self-employed | P01717931 |

Firm's name ▶ KIL S. JUNG, CPA    Firm's EIN ▶ ███ 1360
Firm's address ▶ 16 W 32ND ST, STE 1104 NEW YORK NY 10001    Phone no. (212)714-1772

For Paperwork Reduction Act Notice, see separate instructions. REV 06/06/22 PRO

Form **1120** (2020)

BAA

**SCHEDULE G**
**(Form 1120)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

## Information on Certain Persons Owning the Corporation's Voting Stock

▶ Attach to Form 1120.
▶ See instructions on page 2.

OMB No. 1545-0123

| Name | Employer identification number (EIN) |
|---|---|
| KU-RAKU NEW YORK INC. | ■1957 |

**Part I** — **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II** — **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| YASUKO NEGITA | ■ | US | 100 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

REV 06/06/22 PRO

# EXHIBIT 2

# Minutes of the First Meeting of the Board of Directors of Kuraku

# Minutes of First Meeting of Board of Directors

## of

## Ku-raku New York Inc.

The board of directors of Ku-raku New York Inc. held its first meeting on October 20, 2018, at 133 West 3rd Street New York, NY 10012.

The following directors, constituting a quorum of the full board, were present at the meeting:

Yasuko Negita

Miho Maki

The chairperson announced that the meeting was held pursuant to written waiver of notice signed by each of the directors. Upon a motion duly made, seconded, and unanimously carried, the waiver was made a part of the records of the meeting. It now precedes the minutes of this meeting in the corporate records book.

### Articles of Incorporation

The chairperson announced that the articles of incorporation or similar organizing instrument of this corporation was filed with the office of NYS Department of State on October ___16___, 2018.

RESOLVED, that the secretary of this corporation is directed to see that a copy of the articles of incorporation or similar organizing instrument of this corporation, file-stamped or certified by the secretary of state or other appropriate state office or official, is kept at the corporation's principal office.

## Bylaws

There was then presented to the meeting for adoption a proposed set of bylaws of the corporation. The bylaws were considered and discussed and, on motion duly made and seconded, it was unanimously

RESOLVED, that the bylaws presented to this meeting be and hereby are adopted as the bylaws of the corporation;

RESOLVED FURTHER, that the secretary of this corporation is directed to see that a copy of the bylaws is kept at the corporation's principal office.

## Election of Officers

The chairperson then announced that the next item of business was the election of officers. Upon motion, the following persons were unanimously elected to the offices shown after their names:

| | |
|---|---|
| Miho Maki | Secretary |
| Yasuko Negita | President |
| Yasuko Negita | Treasurer |

Each officer who was present accepted his or her office. Thereafter, the president presided at the meeting as chairperson of the meeting, and secretary the of the corporation acted as secretary of the meeting.

## Principal Office

After discussion as to the exact location of the corporation's principal office for the transaction of business in the county named in the bylaws, upon motion duly made and seconded, it was

RESOLVED, that the principal office of this corporation shall be located at 3954 Broadway New York, NY 10032.

## Bank Account

Upon motion duly made and seconded, it was

RESOLVED, that the funds of this corporation shall be deposited with

_____Chase_____ Bank.

RESOLVED FURTHER, that the treasurer of this corporation be and hereby is authorized and directed to establish an account with said bank and to deposit the funds of this corporation therein.

RESOLVED FURTHER, that any officer, employee, or agent of this corporation be and is authorized to endorse checks, drafts, or other evidences of indebtedness made payable to this corporation, but only for the purpose of deposit.

RESOLVED FURTHER, that all checks, drafts, and other instruments obligating this corporation to pay money shall be signed on behalf of this corporation by any of the following persons:

Yasuko Negita

Miho Maki

RESOLVED FURTHER, that said bank be and hereby is authorized to honor and pay all checks and drafts of this corporation signed as provided herein.

RESOLVED FURTHER, that the authority hereby conferred shall remain in force until revoked by the board of directors of this corporation and until written notice of such revocation shall have been received by said bank.

RESOLVED FURTHER, that the secretary of this corporation be and hereby is authorized to certify as to the continuing authority of these resolutions, the persons authorized to sign on behalf of this corporation, and the adoption of said bank's standard form of resolution, provided that said form does not vary materially from the terms of the foregoing resolutions.

### Stock Ownership

Upon motion duly made and seconded, it was

RESOLVED, that upon the payment in full of the stock subscription price as set forth in the Shareholder's Agreement, one hundred (100) shares of the capital stock of the Corporation shall be issued and outstanding and shall be held, directly and/or beneficially, as follows:

Yasuko Negita  :      ninety (90) shares; and

Miho Maki    :        ten (10) shares

The remaining one hundred (100) shares of the capital stock of the Corporation shall remain unissued.

### Corporate Seal

The secretary presented to the meeting for adoption a proposed form of seal of the corporation. Upon motion duly made and seconded, it was:

RESOLVED, that the form of corporate seal presented to this meeting be and hereby is adopted as the seal of this corporation, and the secretary of the corporation is directed to place an impression thereof in the space next to this resolution.

### Corporate Certificates

The secretary then presented to the meeting proposed director, sponsor, membership, or other forms of corporate certificates for approval by the board. Upon motion duly made and seconded, it was

RESOLVED, that the form of certificates presented to this meeting are hereby adopted for use by this corporation and the secretary is directed to attach a copy of each form of certificate to the minutes of this meeting.

[*End option*]

Since there was no further business to come before the meeting, on motion duly made and seconded, the meeting was adjourned.

Dated: October 20, 2018

_____
                        Signature

Miho Make, Secretary

# EXHIBIT 3

**Quarterly Combined Withholding, Wage Reporting, and Unemployment Insurance Return filed by Kuraku**

DLN: 24926142728

New York State Department of Taxation and Finance

## Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return

(05/23) V14

# NYS-45 WEB

**Reference these numbers in all correspondence:**

UI Employer registration number: **580** | **0**

Withholding identification number: **1957**

**Employer legal name:**

KU-RAKU NEW YORK INC.

Mark an **X** in only **one** box to indicate the quarter (a separate return must be completed for each quarter) and enter the year.

| Jan 1 - Mar 31 | Apr 1 - Jun 30 | July 1 - Sep 30 | Oct 1 - Dec 31 | Year | **22** |
|---|---|---|---|---|---|
| ✓ | | | | | YY |
| **1** | **2** | **3** | **4** | | |

Do you offer dependent health insurance benefits to any employee? ..... Yes ☐  No ✓

If **seasonal employer**, mark an **X** in the box ............................................ ☐

**Number of employees**

Enter the number of full-time and part-time covered employees who worked during or received pay for the week that includes the 12th day of each month.

| a. First month | b. Second month | c. Third month | |
|---|---|---|---|
| 11 | 9 | 7 | Disaster relief ☐ |

## Part A – Unemployment insurance (UI) information

| | | |
|---|---|---|
| 1. | Total remuneration paid this quarter ....... | 50,830.00 |
| 2. | Remuneration paid this quarter to in excess of the UI wage base since January 1 ................................... | 0.00 |
| 3. | Wages subject to contribution (subtract line 2 from line 1) ................... | 50,830.00 |
| 4. | UI contributions due  UI rate ....................... **4.025** % | 2,045.91 |
| 5. | Re-employment service fund (multiply line 3 x .00075) ........................ | 38.12 |
| 6a. | Interest on contributions ..................... | |
| 6b. | UI previously underpaid with interest .............................................. | 0.00 |
| 7. | Total of lines 4, 5, 6a and 6b ................. | 2,084.03 |
| 8. | Enter UI previously overpaid ................... | 0.00 |
| 9. | **Total UI amounts due** (if line 7 is greater than line 8, enter difference) ... | 2,084.03 |
| 10. | Total UI overpaid (if line 8 is greater than line 7, enter the difference ) * ....... | |

## Part B – Withholding tax (WT) information

| | | |
|---|---|---|
| 12. | New York State tax withheld ............... | 1,868.35 |
| 13. | New York City tax withheld .................. | 1,134.55 |
| 14. | Yonkers tax withheld .......................... | 0.00 |
| 15. | Total tax withheld (add lines 12, 13, and 14) ..................... | 3,002.90 |
| 16. | WT credit from **previous quarter's** return (see instr.) .................. | 0.00 |
| 17. | Form NYS-1 payments made for quarter .......................................... | 3,122.86 |
| 18. | Total payments (add lines 16 and 17) .......................... | 3,122.86 |
| 19. | **Total Wt amounts due** (if line 15 is greater than line 18, enter difference) ... | 0.00 |
| 20. | Total WT overpaid (if line 18 is greater than line 15, enter difference here and mark an **X** in 20a or 20b) * ..... | 119.96 |
| 20a. | Apply to outstanding liabilities and/or refund ....... | 20b. Credit to next quarter withholding tax ........ ✓ |
| 21. | **Total payment due** (add lines 9 and 19) ............................. | 2,084.03 |

**\* An overpayment of either tax cannot be used to offset the amount due on the other tax.**

## Part C – Wage Reporting Summary

| | | | | |
|---|---|---|---|---|
| C | Total UI total remuneration/gross wages paid this quarter ........................ | 50,830.00 | Total number of employees .......................... | 13 |
| D | Total gross wages or distribution ............. | 50,829.61 | E    Total tax withheld ................................ | 3,002.90 |

**Sign your return:** I certify that the information on this return and any attachments is to the best of my knowledge and belief true, correct, and complete.

| Taxpayer's signature | Signer's name | Title |
|---|---|---|
| | | |

| Date | Telephone number |
|---|---|
| 04/26/2022 00:39:54 | |

DLN: 24926142728

**Withholding
identification number** ▌▌1957

## Part D – Form NYS–1 corrections/additions

### Web filed not applicable

## Part E – Change of business information

**23.** If you **permanently ceased paying wages**, enter the date (MMDDYY) of the final payroll ........................

**24.** Did you sell or transfer all or part of your business?   ◀ Yes   ✓ ◀ No
If Yes, indicate if sale or transfer was in ☐ Whole or ☐ Part

| Paid preparer's use | Preparer's signature | Telephone number | Date | Mark an **X** if self–employed | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Preparer's firm name *(or yours, if self–employed)* | Address | | | Preparer's EIN |
| **Payroll service name** | | | | Payroll service's EIN | |

---

### Unemployment insurance (UI) payment details   (Account saved ✓)

| | |
|---|---|
| Payment date | Account type |
| **05/02/2022** | **Business checking** |
| Bank name | Bank routing number |
| **JPMORGAN CHASE BANK, NA** | **021000021** |
| Account holder | Account number |
| **KU-RAKU NEW YORK INC** | **XXXXX6305** |
| Amount due ($) | Payment amount ($) |
| **2,084.03** | **2,084.03** |

---

### Withholding tax (WT) payment details   (Account saved ☐)

| | |
|---|---|
| Payment date | Account type |
| Bank name | Bank routing number |
| Account holder | Account number |
| Amount due ($) | Payment amount ($) |
| **0.00** | |

---

### Transaction details

| | |
|---|---|
| Confirmation number | Transaction date/time |
| **24926142728** | **04/26/2022 00:39 AM** |
| Submitted by | |
| **YASUKO NEGITA** | |

DLN: 24926142728
(05/23) V3

# Part C

## Employee Wage and Withholding

| Employer legal name: | Withholding identification number |
| --- | --- |
| **KU-RAKU NEW YORK INC.** | ████ 957 |

**(Showing  1 - 13 of 13 employees)**

### Quarterly employee/payee wage reporting information

| a  Social security number | b  Last name, first name, middle initial | c  Ui total remuneration/gross wages paid this quarter | d  Gross wages or distribution (see instructions) | e  Total tax withheld |
| --- | --- | ---: | ---: | ---: |
| ██████ | Candia, Javiar | 11,347.82 | 11,347.82 | 843.76 |
| | Chinnarach, Narissara | 2,342.82 | 2,342.82 | 78.96 |
| | Gonzalez, Isaias | 11,375.27 | 11,375.27 | 846.60 |
| | Jimenez, Luis | 1,770.95 | 1,770.95 | 124.55 |
| | Kankratoke, Jiaporn | 1,962.17 | 1,962.17 | 42.02 |
| | Krompraput, Sarinya | 595.82 | 595.82 | 18.96 |
| | Mckee, Yuko | 7,638.04 | 7,638.04 | 486.31 |
| | Muennoi, Charanya | 3,294.74 | 3,294.74 | 192.10 |
| | Saennangchon, Nattaya | 1,255.30 | 1,255.30 | 45.53 |
| | Shinagawa, Susumu | 7,636.58 | 7,636.58 | 284.33 |
| | Sittiboonyawong, Wipada | 237.98 | 237.98 | 5.57 |
| | Srinitipornkul, Nattacha | 789.84 | 789.84 | 33.86 |
| | Suwannach, Wimolwan | 582.28 | 582.28 | 0.35 |
| **Totals**  *(see instructions)* | | 50,830.00 | 50,829.61 | 3,002.90 |

DLN: 24926233785

(07/11) V14



New York State Department of Taxation and Finance

## Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return

# NYS-45 WEB

**Reference these numbers in all correspondence:**

UI Employer registration number: **580** | **0**

Withholding identification number: **957**

**Employer legal name:**

KU-RAKU NEW YORK INC.

Mark an X in only **one** box to indicate the quarter (a separate return must be completed for each quarter) and enter the year.

| Jan 1 - Mar 31 | Apr 1 - Jun 30 | July 1 - Sep 30 ✓ | Oct 1 - Dec 31 | Year **22** |
|---|---|---|---|---|
| **1** | **2** | **3** | **4** | YY |

Do you offer dependent health insurance benefits to any employee? ..... Yes ☐   No ✓

If **seasonal employer**, mark an **X** in the box ...........................................  ☐

**Number of employees**
Enter the number of full-time and part-time covered employees who worked during or received pay for the week that includes the 12th day of each month.

| a. First month | b. Second month | c. Third month | |
|---|---|---|---|
| **11** | **9** | **14** | Disaster relief ☐ |

## Part A – Unemployment insurance (UI) information

| | | |
|---|---|---|
| **1.** | Total remuneration paid this quarter ....... | **67,954.00** |
| **2.** | Remuneration paid this quarter to in excess of the UI wage base since January 1 ................................... | **17,966.00** |
| **3.** | Wages subject to contribution (subtract line 2 from line 1) ................... | **49,988.00** |
| **4.** | UI contributions due   UI rate ........................ **4.025** % | **2,012.02** |
| **5.** | Re-employment service fund (multiply line 3 x .00075) ................... | **37.49** |
| **6a.** | Interest on contributions ..................... | |
| **6b.** | UI previously underpaid with interest ............................................... | **0.00** |
| **7.** | Total of lines 4, 5, 6a and 6b ................. | **2,049.51** |
| **8.** | Enter UI previously overpaid .................. | **0.00** |
| **9.** | **Total UI amounts due** (if line 7 is greater than line 8, enter difference) ... | **2,049.51** |
| **10.** | Total UI overpaid (if line 8 is greater than line 7, enter the difference ) * ....... | |

## Part B – Withholding tax (WT) information

| | | |
|---|---|---|
| **12.** | New York State tax withheld ............... | **2,213.88** |
| **13.** | New York City tax withheld ................. | **1,354.74** |
| **14.** | Yonkers tax withheld .......................... | **0.00** |
| **15.** | Total tax withheld (add lines 12, 13, and 14) .................... | **3,568.62** |
| **16.** | WT credit from *previous* quarter's return (see instr.) ................. | **0.00** |
| **17.** | Form NYS-1 payments made for quarter ........................................... | **3,568.62** |
| **18.** | Total payments (add lines 16 and 17) .......................... | **3,568.62** |
| **19.** | **Total Wt amounts due** (if line 15 is greater than line 18, enter difference) ... | **0.00** |
| **20.** | Total WT overpaid (if line 18 is greater than line 15, enter difference here and mark an X in 20a or 20b) * ..... | **0.00** |
| **20a.** | Apply to outstanding liabilities and/or refund ....... ☐ | **20b.** Credit to next quarter withholding tax ........ ☐ |
| **21.** | **Total payment due** (add lines 9 and 19) ............................. | **2,049.51** |

## * An overpayment of either tax cannot be used to offset the amount due on the other tax.

## Part C – Wage Reporting Summary

| | | | | |
|---|---|---|---|---|
| **C** | Total UI total remuneration/gross wages paid this quarter ...................... | **67,954.00** | Total number of employees ......................... | **17** |
| **D** | Total gross wages or distribution ............ | **67,953.82** | **E** Total tax withheld ................................ | **3,568.62** |

**Sign your return:** I certify that the information on this return and any attachments is to the best of my knowledge and belief true, correct, and complete.

| Taxpayer's signature | | Signer's name | Title |
|---|---|---|---|
| Date | | Telephone number | |
| 07/20/2022 14:34:53 | | | |

DLN: 24926233785

| Withholding identification number | 1957 |
|---|---|

## Part D – Form NYS-1 corrections/additions

### Web filed not applicable

## Part E – Change of business information

**23.** If you **permanently ceased paying wages,** enter the date (MMDDYY) of the final payroll ........................

**24.** Did you sell or transfer all or part of your business?   ◄ Yes   ✓ ◄ No
If Yes, indicate if sale or transfer was in ☐ Whole or ☐ Part

| Paid preparer's use | Preparer's signature | Telephone number | Date | Mark an **X** if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Preparer's firm name *(or yours, if self-employed)* | Address | | | Preparer's EIN |
| Payroll service name | | | | Payroll service's EIN | |

### Unemployment insurance (UI) payment details   (Account saved ✓ )

| Payment date | Account type |
|---|---|
| **08/01/2022** | **Business checking** |
| Bank name | Bank routing number |
| **JPMORGAN CHASE BANK, NA** | **021000021** |
| Account holder | Account number |
| **KU-RAKU NEW YORK INC** | **XXXXX1030** |
| Amount due ($) | Payment amount ($) |
| **2,049.51** | **2,049.51** |

### Withholding tax (WT) payment details   (Account saved ☐ )

| Payment date | Account type |
|---|---|
| | |
| Bank name | Bank routing number |
| | |
| Account holder | Account number |
| | |
| Amount due ($) | Payment amount ($) |
| **0.00** | |

### Transaction details

| Confirmation number | Transaction date/time |
|---|---|
| **24926233785** | **07/20/2022 02:34 PM** |
| Submitted by | |
| **YASUKO NEGITA** | |

DLN: 24926233785

(07/22) V3

# Part C

## Employee Wage and Withholding

| Employer legal name: | Withholding identification number |
|---|---|
| **KU-RAKU NEW YORK INC.** | ███ **1957** |

(Showing 1 - 17 of 17 employees)

### Quarterly employee/payee wage reporting information

| a  Social security number | b  Last name, first name, middle initial | c  UI total remuneration/gross wages paid this quarter | d  Gross wages or distribution (see instructions) | e  Total tax withheld |
|---|---|---|---|---|
| | Gonzalez, Isaias | 2,081.45 | 2,081.45 | 127.99 |
| | Shinagawa, Susumu | 8,934.78 | 8,934.78 | 333.27 |
| | Candia, Javiar | 9,908.48 | 9,908.48 | 272.69 |
| | Saennangchon, Nattaya | 4,383.57 | 4,383.57 | 152.31 |
| | Mckee, Yuko | 7,043.81 | 7,043.81 | 382.41 |
| | Kankratoke, Jiaporn | 2,101.12 | 2,101.12 | 22.78 |
| | Andrade, Vicente | 1,331.14 | 1,331.14 | 109.94 |
| | Boonlap, Suchada | 430.54 | 430.54 | 7.15 |
| | Diop, Ablaye | 3,762.20 | 3,762.20 | 155.95 |
| | Cazares, Arnulfo | 2,275.76 | 2,275.76 | 181.10 |
| | Kongthoongmon, Autumporn | 1,043.00 | 1,043.00 | 23.07 |
| | Nathalia, Erika | 5,137.91 | 5,137.91 | 379.63 |
| | Montalvo, Cristobal | 496.81 | 496.81 | 1.12 |
| | Nakatani, Shumma | 8,864.35 | 8,864.35 | 778.73 |
| | Simachaya, Warancha | 1,486.36 | 1,486.36 | 102.16 |
| | Trinidad, Duran | 5,600.02 | 5,600.02 | 467.58 |
| | Ureiro, Victor | 3,072.52 | 3,072.52 | 70.74 |
| **Totals** *(see instructions)* | | 67,954.00 | 67,953.82 | 3,568.62 |

DLN: 24926321454



New York State Department of Taxation and Finance

# Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return

# NYS-45 WEB

(10/22) V14

**Reference these numbers in all correspondence:**

UI Employer registration number: **580** **0**

Withholding identification number: **957**

**Employer legal name:**

KU-RAKU NEW YORK INC.

Mark an **X** in only **one** box to indicate the quarter (a separate return must be completed for each quarter) and enter the year.

| Jan 1 - Mar 31 | Apr 1 - Jun 30 | July 1 - Sep 30 | Oct 1 - Dec 31 | Year | **22** |
|---|---|---|---|---|---|
| **1** | **2** | **3** ✓ | **4** | | YY |

Do you offer dependent health insurance benefits to any employee? ..... Yes ☐  No ✓

If **seasonal employer**, mark an **X** in the box .......................................... ☐

**Number of employees**
Enter the number of full-time and part-time covered employees who worked during or received pay for the week that includes the 12th day of each month.

| a. First month | b. Second month | c. Third month | |
|---|---|---|---|
| 14 | 15 | 18 | Disaster relief ☐ |

## Part A – Unemployment insurance (UI) information

| | | |
|---|---|---|
| 1. | Total remuneration paid this quarter ....... | 160,707.00 |
| 2. | Remuneration paid this quarter to in excess of the UI wage base since January 1 ................................... | 80,031.00 |
| 3. | Wages subject to contribution (subtract line 2 from line 1) ................... | 80,676.00 |
| 4. | UI contributions due UI rate ........................ 4.025 % | 3,247.21 |
| 5. | Re-employment service fund (multiply line 3 x .00075) ................... | 60.51 |
| 6a. | Interest on contributions ...................... | |
| 6b. | UI previously underpaid with interest ............................................... | 0.00 |
| 7. | Total of lines 4, 5, 6a and 6b ................. | 3,307.72 |
| 8. | Enter UI previously overpaid ................... | 0.00 |
| 9. | **Total UI amounts due** (if line 7 is greater than line 8, enter difference) ... | 3,307.72 |
| 10. | Total UI overpaid (if line 8 is greater than line 7, enter the difference ) * ....... | |

## Part B – Withholding tax (WT) information

| | | |
|---|---|---|
| 12. | New York State tax withheld ............... | 6,518.48 |
| 13. | New York City tax withheld .................. | 3,207.25 |
| 14. | Yonkers tax withheld ........................... | 0.00 |
| 15. | Total tax withheld (add lines 12, 13, and 14) ..................... | 9,725.73 |
| 16. | WT credit from previous quarter's return (see instr.) ................. | 0.00 |
| 17. | Form NYS-1 payments made for quarter ........................................... | 9,725.73 |
| 18. | Total payments (add lines 16 and 17) ......................... | 9,725.73 |
| 19. | **Total Wt amounts due** (if line 15 is greater than line 18, enter difference) ... | 0.00 |
| 20. | Total WT overpaid (if line 18 is greater than line 15, enter difference here and mark an **X** in 20a or 20b) * ..... | 0.00 |
| 20a. | Apply to outstanding liabilities and/or refund ....... | 20b. Credit to next quarter withholding tax ........ ☐ |
| 21. | **Total payment due** (add lines 9 and 19) ............................ | 3,307.72 |

**\* An overpayment of either tax cannot be used to offset the amount due on the other tax.**

## Part C – Wage Reporting Summary

| | | | | |
|---|---|---|---|---|
| C | Total UI total remuneration/gross wages paid this quarter ....................... | 160,707.00 | Total number of employees ......................... | 18 |
| D | Total gross wages or distribution ............ | 160,706.68 | E  Total tax withheld ................................ | 9,725.73 |

**Sign your return:** I certify that the information on this return and any attachments is to the best of my knowledge and belief true, correct, and complete.

Taxpayer's signature

Signer's name

Title

Date: 10/19/2022 00:05:07

Telephone number

DLN: 24926321454

| Withholding identification number | 1957 |
|---|---|

## Part D – Form NYS-1 corrections/additions

### Web filed not applicable

## Part E – Change of business information

**23.** If you **permanently ceased paying wages**, enter the date (MMDDYY) of the final payroll .........................

**24.** Did you sell or transfer all or part of your business?  ◀ Yes  ✓ ◀ No
If Yes, indicate if sale or transfer was in ☐ Whole or ☐ Part

| Paid preparer's use | Preparer's signature | Telephone number | Date | Mark an **X** if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Preparer's firm name *(or yours, if self-employed)* | Address | | | Preparer's EIN |
| Payroll service name | | | | Payroll service's EIN | |

---

### Unemployment Insurance (UI) payment details   (Account saved ✓)

| | |
|---|---|
| Payment date | Account type |
| **10/31/2022** | **Business checking** |
| Bank name | Bank routing number |
| **JPMORGAN CHASE BANK, NA** | **021000021** |
| Account holder | Account number |
| **KU-RAKU NEW YORK INC** | **XXXXX1030** |
| Amount due ($) | Payment amount ($) |
| **3,307.72** | **3,307.72** |

### Withholding tax (WT) payment details   (Account saved ☐)

| | |
|---|---|
| Payment date | Account type |
| Bank name | Bank routing number |
| Account holder | Account number |
| Amount due ($) | Payment amount ($) |
| **0.00** | |

---

### Transaction details

| | |
|---|---|
| Confirmation number | Transaction date/time |
| **24926321454** | **10/19/2022 00:05 AM** |
| Submitted by | |
| **YASUKO NEGITA** | |

DLN: 24926321454
(10/22) V3

# Part C

## Employee Wage and Withholding

| Employer legal name: | Withholding identification number |
|---|---|
| **KU-RAKU NEW YORK INC.** | ████ 957 |

(Showing 1 - 18 of 18 employees)

### Quarterly employee/payee wage reporting information

| a Social security number | b Last name, first name, middle initial | c UI total remuneration/gross wages paid this quarter | d Gross wages or distribution (see instructions) | e Total tax withheld |
|---|---|---|---|---|
| ███ | Ureiro, Victor | 14,654.95 | 14,654.95 | 335.40 |
| | Kongthoongmon, Autumporn | 1,570.05 | 1,570.05 | 18.35 |
| | Trinidad, Duran | 19,932.56 | 19,932.56 | 1,670.11 |
| | Shinagawa, Susumu | 7,694.60 | 7,694.60 | 260.88 |
| | Candia, Javiar | 14,126.60 | 14,126.60 | 295.96 |
| | Cazares, Arnulfo | 16,043.90 | 16,043.90 | 1,279.09 |
| | Nakatani, Shumma | 11,296.66 | 11,296.66 | 915.23 |
| | Saennangchon, Nattaya | 2,942.85 | 2,942.85 | 57.18 |
| | Mckee, Yuko | 7,468.56 | 7,468.56 | 436.80 |
| | Simachaya, Warancha | 8,463.39 | 8,463.39 | 521.83 |
| | Nathalia, Erika | 6,452.89 | 6,452.89 | 414.23 |
| | Kankratoke, Jiaporn | 1,566.36 | 1,566.36 | 1.67 |
| | Castro, Randy | 1,194.81 | 1,194.81 | 41.75 |
| | Kitwikham, Kittiya | 141.98 | 141.98 | 0.00 |
| | Maki, Miho | 18,000.00 | 18,000.00 | 1,790.28 |
| | Negita, Masahiko | 5,200.00 | 5,200.00 | 204.97 |
| | Negita, Yasuko | 23,000.00 | 23,000.00 | 1,470.79 |
| | Peralta, Ana | 956.52 | 956.52 | 11.21 |
| **Totals** *(see instructions)* | | 160,707.00 | 160,706.68 | 9,725.73 |

DLN: 34926021831

(01/23) V14

New York State Department of Taxation and Finance

# Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return

# NYS-45 WEB

**Reference these numbers in all correspondence:**

UI Employer registration number: ██████580   0

Withholding identification number: ██████1957

**Employer legal name:**

KU-RAKU NEW YORK INC.

Mark an **X** in only **one** box to indicate the quarter (a separate return must be completed for each quarter) and enter the year.

| Jan 1 - Mar 31 | Apr 1 - Jun 30 | July 1 - Sep 30 | Oct 1 - Dec 31 ✓ | Year 22 |
|---|---|---|---|---|
| 1 | 2 | 3 | 4 | YY |

Do you offer dependent health insurance benefits to any employee? ..... Yes ☐   No ✓

If **seasonal employer**, mark an **X** in the box .............................................. ☐

**Number of employees**
Enter the number of full–time and part–time covered employees who worked during or received pay for the week that includes the 12th day of each month.

| a. First month | b. Second month | c. Third month | |
|---|---|---|---|
| 16 | 17 | 16 | Disaster relief ☐ |

## Part A – Unemployment insurance (UI) information

| | | |
|---|---|---|
| 1. | Total remuneration paid this quarter ....... | 143,706.00 |
| 2. | Remuneration paid this quarter to in excess of the UI wage base since January 1 ................................... | 115,893.00 |
| 3. | Wages subject to contribution *(subtract line 2 from line 1)* ................... | 27,813.00 |
| 4. | UI contributions due UI rate ........................ 4.025 % | 1,119.47 |
| 5. | Re–employment service fund *(multiply line 3 x .00075)* ................... | 20.86 |
| 6a. | Interest on contributions ...................... | |
| 6b. | UI previously underpaid with interest .............................................. | 0.00 |
| 7. | Total of lines 4, 5, 6a and 6b ................. | 1,140.33 |
| 8. | Enter UI previously overpaid .................. | 0.00 |
| 9. | **Total UI amounts due** *(if line 7 is greater than line 8, enter difference)* ... | 1,140.33 |
| 10. | Total UI overpaid *(if line 8 is greater than line 7, enter the difference )* \* ....... | |

## Part B – Withholding tax (WT) information

| | | |
|---|---|---|
| 12. | New York State tax withheld ............... | 5,513.58 |
| 13. | New York City tax withheld .................. | 2,854.20 |
| 14. | Yonkers tax withheld ........................... | 0.00 |
| 15. | Total tax withheld *(add lines 12, 13, and 14)* ..................... | 8,367.78 |
| 16. | WT credit from **previous quarter's** return *(see instr.)* .................. | 0.00 |
| 17. | Form NYS–1 payments made for quarter .......................................... | 8,367.78 |
| 18. | Total payments *(add lines 16 and 17)* .......................... | 8,367.78 |
| 19. | **Total Wt amounts due** *(if line 15 is greater than line 18, enter difference)* ... | 0.00 |
| 20. | Total WT overpaid *(if line 18 is greater than line 15, enter difference here and mark an **X** in 20a or 20b)* \* ..... | 0.00 |
| 20a. | Apply to outstanding liabilities and/or refund ....... ☐ | 20b. Credit to next quarter withholding tax ........ ☐ |
| 21. | **Total payment due** *(add lines 9 and 19)* ............................ | 1,140.33 |

**\* An overpayment of either tax cannot be used to offset the amount due on the other tax.**

## Part C – Wage Reporting Summary

| | | |
|---|---|---|
| C | Total UI total remuneration/gross wages paid this quarter ...................... | 143,706.00 |
| D | Total gross wages or distribution ............ | 143,706.39 |

| | | |
|---|---|---|
| | Total number of employees .......................... | 19 |
| E | Total tax withheld ................................. | 8,367.78 |

**Sign your return:** I certify that the information on this return and any attachments is to the best of my knowledge and belief true, correct, and complete.

| Taxpayer's signature | Signer's name | Title |
|---|---|---|
| | | |

| Date | Telephone number |
|---|---|
| 01/12/2023 11:15:24 | |

DLN: 34926021831

| Withholding identification number | 1957 |
| --- | --- |

## Part D – Form NYS–1 corrections/additions

### Web filed not applicable

## Part E – Change of business information

**23.** If you **permanently ceased paying wages**, enter the date (MMDDYY) of the final payroll ........................

**24.** Did you sell or transfer all or part of your business?   ◀ Yes   ✓ ◀ No
If Yes, indicate if sale or transfer was in ☐ Whole or ☐ Part

| Paid preparer's use | Preparer's signature | Telephone number | Date | Mark an **X** if self-employed | Preparer's SSN or PTIN |
| --- | --- | --- | --- | --- | --- |
| | Preparer's firm name *(or yours, if self-employed)* | Address | | | Preparer's EIN |
| Payroll service name | | | | Payroll service's EIN | |

---

### Unemployment insurance (UI) payment details   (Account saved ✓)

| | |
| --- | --- |
| Payment date | Account type |
| 01/31/2023 | **Business checking** |
| Bank name | Bank routing number |
| **JPMORGAN CHASE BANK, NA** | **021000021** |
| Account holder | Account number |
| **KU-RAKU NEW YORK INC** | **XXXXX1030** |
| Amount due ($) | Payment amount ($) |
| **1,140.33** | **1,140.33** |

### Withholding tax (WT) payment details   (Account saved ☐)

| | |
| --- | --- |
| Payment date | Account type |
| Bank name | Bank routing number |
| Account holder | Account number |
| Amount due ($) | Payment amount ($) |
| **0.00** | |

### Transaction details

| | |
| --- | --- |
| Confirmation number | Transaction date/time |
| **34926021831** | **01/12/2023 11:15 AM** |
| Submitted by | |
| **YASUKO NEGITA** | |

DLN: 34926021831
(01/23) V3

# Part C

## Employee Wage and Withholding

| Employer legal name: | Withholding identification number |
|---|---|
| **KU-RAKU NEW YORK INC.** | ███ 957 |

(Showing  1 - 19 of 19 employees)

### Quarterly employee/payee wage reporting information

| a  Social security number | b  Last name, first name, middle initial | c  UI total remuneration/gross wages paid this quarter | d  Gross wages or distribution (see instructions) | e  Total tax withheld |
|---|---|---|---|---|
| | Ureiro, Victor | 12,636.59 | 12,636.59 | 296.17 |
| | Kongthoongmon, Autumporn | 1,713.31 | 1,713.31 | 7.03 |
| | Castro, Randy | 5,088.46 | 5,088.46 | 264.85 |
| | Trinidad, Duran | 16,223.50 | 16,223.50 | 1,344.66 |
| | Negita, Masahiko | 8,400.00 | 8,400.00 | 321.30 |
| | Negita, Yasuko | 18,000.00 | 18,000.00 | 1,071.18 |
| | Shinagawa, Susumu | 2,932.23 | 2,932.23 | 117.30 |
| | Maki, Miho | 13,500.00 | 13,500.00 | 1,248.69 |
| | Candia, Javiar | 12,575.40 | 12,575.40 | 288.50 |
| | Cazares, Arnulfo | 13,953.68 | 13,953.68 | 1,116.55 |
| | Nakatani, Shumma | 11,630.40 | 11,630.40 | 895.07 |
| | Saennangchon, Nattaya | 4,032.00 | 4,032.00 | 159.53 |
| | Peralta, Ana | 1,812.69 | 1,812.69 | 79.61 |
| | Simachaya, Warancha | 6,545.35 | 6,545.35 | 389.33 |
| | Kitwikham, Kittiya | 892.23 | 892.23 | 18.68 |
| | Kankratoke, Jiaporn | 1,265.21 | 1,265.21 | 3.45 |
| | Fonseca, Jamielyn | 1,056.76 | 1,056.76 | 59.47 |
| | Simachaya, Thatchanun | 3,307.08 | 3,307.08 | 151.04 |
| | Nathalia, Erika | 8,141.50 | 8,141.50 | 535.37 |
| **Totals**  (see instructions) | | 143,706.00 | 143,706.39 | 8,367.78 |

DLN: 34926123699



New York State Department of Taxation and Finance

# Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return

# NYS-45 WEB

(04/23) V14

**Reference these numbers in all correspondence:**

| UI Employer registration number | 580 | 0 |

| Withholding identification number | 1957 |

**Employer legal name:**

KU-RAKU NEW YORK INC.

Mark an X in only **one** box to indicate the quarter (a separate return must be completed for each quarter) and enter the year.

| Jan 1 - Mar 31 ✓ | Apr 1 - Jun 30 | July 1 - Sep 30 | Oct 1 - Dec 31 | Year 23 |
| 1 | 2 | 3 | 4 | YY |

Do you offer dependent health insurance benefits to any employee? ..... Yes ☐  No ✓

If **seasonal employer**, mark an **X** in the box ..........................................  ☐

**Number of employees**
Enter the number of full-time and part-time covered employees who worked during or received pay for the week that includes the 12th day of each month.

| a. First month | b. Second month | c. Third month | |
|---|---|---|---|
| 16 | 19 | 17 | Disaster relief ☐ |

## Part A – Unemployment insurance (UI) information

| | | |
|---|---|---|
| 1. | Total remuneration paid this quarter ....... | 170,752.00 |
| 2. | Remuneration paid this quarter to in excess of the UI wage base since January 1 ................................... | 28,433.00 |
| 3. | Wages subject to contribution *(subtract line 2 from line 1)* .................... | 142,319.00 |
| 4. | UI contributions due UI rate ........................ 4.025 % | 5,728.34 |
| 5. | Re-employment service fund *(multiply line 3 x .00075)* ................ | 106.74 |
| 6a. | Interest on contributions ...................... | |
| 6b. | UI previously underpaid with interest ................................................ | 0.00 |
| 7. | Total of lines 4, 5, 6a and 6b ................. | 5,835.08 |
| 8. | Enter UI previously overpaid ................... | 0.00 |
| 9. | **Total UI amounts due** *(if line 7 is greater than line 8, enter difference)* ... | 5,835.08 |
| 10. | Total UI overpaid *(if line 8 is greater than line 7, enter the difference )* * ....... | |

## Part B – Withholding tax (WT) information

| | | |
|---|---|---|
| 12. | New York State tax withheld ............... | 6,659.83 |
| 13. | New York City tax withheld .................. | 3,627.74 |
| 14. | Yonkers tax withheld ........................... | 0.00 |
| 15. | Total tax withheld *(add lines 12, 13, and 14)* .................... | 10,287.57 |
| 16. | WT credit from **previous quarter's** return *(see instr.)* ................. | 0.00 |
| 17. | Form NYS-1 payments made for quarter .......................................... | 10,287.57 |
| 18. | Total payments *(add lines 16 and 17)* .......................... | 10,287.57 |
| 19. | **Total Wt amounts due** *(if line 15 is greater than line 18, enter difference)* ... | 0.00 |
| 20. | Total WT overpaid *(if line 18 is greater than line 15, enter difference here and mark an X in 20a or 20b)* * ..... | 0.00 |
| 20a. | Apply to outstanding liabilities and/or refund ....... | |
| 20b. | Credit to next quarter withholding tax ........ ☐ | |
| 21. | **Total payment due** *(add lines 9 and 19)* ............................. | 5,835.08 |

## * An overpayment of either tax cannot be used to offset the amount due on the other tax.

## Part C – Wage Reporting Summary

| | | | | | |
|---|---|---|---|---|---|
| C | Total UI total remuneration/gross wages paid this quarter ...................... | 170,752.00 | | Total number of employees ......................... | 19 |
| D | Total gross wages or distribution ............ | 170,752.15 | E | Total tax withheld ................................. | 10,287.57 |

**Sign your return:** I certify that the information on this return and any attachments is to the best of my knowledge and belief true, correct, and complete.

| Taxpayer's signature | Signer's name | Title |
|---|---|---|
| | | |

| Date | Telephone number |
|---|---|
| 04/23/2023 00:15:08 | |

DLN: 34926123699

| Withholding identification number | 957 |
|---|---|

## Part D – Form NYS–1 corrections/additions

### Web filed not applicable

## Part E – Change of business information

**23.** If you **permanently ceased paying wages,** enter the date (MMDDYY) of the final payroll .........................

**24.** Did you sell or transfer all or part of your business?    ◀ Yes    ✓ ◀ No

If Yes, indicate if sale or transfer was in ☐ Whole or ☐ Part

| Paid preparer's use | Preparer's signature | Telephone number | Date | Mark an **X** if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Preparer's firm name *(or yours, if self-employed)* | Address | | | Preparer's EIN |
| Payroll service name | | | | Payroll service's EIN | |

---

### Unemployment insurance (UI) payment details    (Account saved ✓)

| Payment date | Account type |
|---|---|
| **05/01/2023** | **Business checking** |
| Bank name | Bank routing number |
| **JPMORGAN CHASE BANK, NA** | **021000021** |
| Account holder | Account number |
| **KU-RAKU NEW YORK INC** | **XXXXX1030** |
| Amount due ($) | Payment amount ($) |
| **5,835.08** | **5,835.08** |

---

### Withholding tax (WT) payment details    (Account saved ☐)

| Payment date | Account type |
|---|---|
| Bank name | Bank routing number |
| Account holder | Account number |
| Amount due ($) | Payment amount ($) |
| **0.00** | |

---

### Transaction details

| Confirmation number | Transaction date/time |
|---|---|
| **34926123699** | **04/23/2023 00:15 AM** |
| Submitted by | |
| **YASUKO NEGITA** | |

DLN: 34926123699
(04/23) V3

# Part C          Employee Wage and Withholding

| Employer legal name: | Withholding identification number |
|---|---|
| **KU-RAKU NEW YORK INC.** | ████ 957 |

(Showing  1 - 19 of 19 employees)

| | Quarterly employee/payee wage reporting information | | | |
|---|---|---|---|---|
| **a**  Social security number | **b**  Last name, first name, middle initial | **c**  UI total remuneration/gross wages paid this quarter | **d**  Gross wages or distribution (see instructions) | **e**  Total tax withheld |
| ████ | Kongthoongmon, Autumporn | 1,902.97 | 1,902.97 | 10.87 |
| | Castro, Randy | 4,249.75 | 4,249.75 | 143.16 |
| | Fonseca, Jamielyn | 2,376.40 | 2,376.40 | 49.46 |
| | Trinidad, Duran | 19,053.23 | 19,053.23 | 1,530.67 |
| | Negita, Masahiko | 10,500.00 | 10,500.00 | 404.90 |
| | Negita, Yasuko | 21,000.00 | 21,000.00 | 1,202.11 |
| | Maki, Miho | 20,500.00 | 20,500.00 | 1,990.08 |
| | Candia, Javiar | 15,132.81 | 15,132.81 | 372.88 |
| | Cazares, Arnulfo | 7,772.65 | 7,772.65 | 584.31 |
| | Nakatani, Shumma | 12,100.06 | 12,100.06 | 883.56 |
| | Simachaya, Thatchanun | 8,157.35 | 8,157.35 | 486.07 |
| | Saennangchon, Nattaya | 3,659.67 | 3,659.67 | 98.33 |
| | Simachaya, Warancha | 3,033.93 | 3,033.93 | 164.68 |
| | Nathalia, Erika | 9,000.32 | 9,000.32 | 568.10 |
| | Kankratoke, Jiaporn | 1,547.53 | 1,547.53 | 6.68 |
| | Andrade, Vincente | 8,161.26 | 8,161.26 | 724.86 |
| | Coache, Jose | 2,372.15 | 2,372.15 | 78.38 |
| | Francisco, Crystal | 5,984.81 | 5,984.81 | 364.47 |
| | Galvez, Gabriel | 14,247.26 | 14,247.26 | 624.00 |
| **Totals**  *(see instructions)* | | 170,752.00 | 170,752.15 | 10,287.57 |

# EXHIBIT 4

## CPLR 6219 Garnishee's Statements signed by Yasuko and Masahiko under oath on August 29, 2022

ORNRAT KLAWSRI, et al.,

Plaintiffs,                                        **AFFIDAVIT**

-v-

YASUKO NEGITA,

Defendant.

--------------------------------------------------------------x

I, Yasuko Negita, do hereby swear that the following is true and accurate:

1. I am over eighteen (18) years old.

2. I submit this affidavit pursuant to CPLR 6219 and the information contained herein is to the best of my knowledge.

3. I do not have any assets except for a 2021 Lexus 350 which is under payment and a home located at 8 Floral Terrace, Tenafly, New Jersey 07670 which has two mortgages on it.

4. I have several bank accounts as noted below:

    a. TDBank account ending in 8803 approximate balance $309.37
    b. TDBank account ending in 4751 with my husband Masahiko approximate balance $1541.70
    c. Chase Bank checking account ending in 8365 approximate balance $2592.03
    d. Chase Bank saving account ending in 4082 approximate balance $858.29
    e. Bank of America checking account ending in 1997 approximate balance $4004.89
    f. Bank of America savings account ending in 7791 approximate balance $1072.59
    g. Wells Fargo checking account ending in 6675 approximate balance $3405.53
    h. Wells Fargo savings account ending in 9608 approximate balance $1939.29

5. I do not own any property or bank accounts located within this jurisdiction.

6. I am not owed any money from any person or entity in any jurisdiction.

Dated and Signed



------------------------------------------------------------x

ORNRAT KEAWSRI, et al.,

                    Plaintiffs,                    **AFFIDAVIT**

        -v-

MASAHIKO NEGITA,

                    Defendant.

------------------------------------------------------------x

I, Masahiko Negita, do hereby swear that the following is true and accurate:

1. I am over eighteen (18) years old.

2. I submit this affidavit pursuant to CPLR 6219 and the information contained herein is to the best of my knowledge.

3. I do not have any assets except for a 2015 Mercedes S550.

4. I have the following creditors:

   a. NYS Tax liability in the approximate amount of $1,100,000.00.
   b. Student Loans in the approximate amount of $600,000.00.
   c. Loan from Chase Bank in the approximate amount of $150,000.00.

5. I do not own any property or bank accounts located within this jurisdiction.

6. I am not owed any money from any person or entity in any jurisdiction.

Dated and Signed                         08/29/22

MASAHIKO NEGITA

-----------------------------------------------------------x

ORNRAT KEAWSRI, et al.,

                    Plaintiffs,              **AFFIDAVIT**

        -v-

MIHO MAKI,

                    Defendant.

-----------------------------------------------------------x

I, Miho Maki, do hereby swear that the following is true and accurate:

1. I am over eighteen (18) years old.

2. I submit this affidavit pursuant to CPLR 6219 and the information contained herein is to the best of my knowledge.

3. I do not have any assets.

4. I have several bank accounts as noted below:

   a. TDBank account ending in 8160 approximate balance $1801.42
   b. TDBank account ending in 9815 approximate balance $345.49
   c. Capital One checking account ending in 6700 approximate balance $3150.59
   d. Capital One savings account ending in 9758 approximate balance $1338.95

5. I have the following credit card balances and debts:
   a. Chase Freedom credit card ending in 5888 balance owed .44 cents
   b. Chase Amazon card ending in 0812 balance owed $199.80
   c. Capitol One card ending in 2978 balance owed $615.14.
   d. I also owe an outstanding rent balance of approximately $26,000.00

6. I am not owed any money from any person or entity in any jurisdiction.

7. I do not own any property or bank accounts located within this jurisdiction.

Signed and dated

08/29/22

# EXHIBIT 5

## The Decisions of the
## United States District Court for the
## Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2022
```

------------------------------------------------------------------X
                    :

ORNRAT KEAWSRI, et al.,           :

                    :

            Plaintiffs,    :

      -v-              :       17-cv-02406 (LJL)

                    :

RAMEN-YA INC. et al,         :     MEMORANDUM AND

                    :          ORDER

           Defendants.   :

                    :

------------------------------------------------------------------ X

LEWIS J. LIMAN, United States District Judge:

Judgment Creditors[1] move, pursuant to Federal Rule of Civil Procedure 69 and New

York Civil Practice Law and Rules ("CPLR") 5225(a) and (c), for an order (1) compelling

Defendant Yasuko Negita ("Yasuko") to immediately pay Judgment Creditors, in a certified

check made payable to Florence Rostami Law LLC, the funds in the investment account Yasuko

owns at Merrill Lynch, Pierce, Fenner & Smith, a Bank of America Company ("Merrill"), with

the account number ending 3453; (2) compelling Defendant Masahiko Negita ("Masahiko") to

immediately pay Judgment Creditors, in a certified check made payable to Florence Rostami

Law LLC, the funds in the investment account Masahiko owns at Merrill with the account

number ending 3454; and (3) compelling Yasuko to transfer (and to execute and deliver any

document necessary to effect such transfer) the real property she owns located at 309

Knickerbocker Road, Tenafly, New Jersey 07670 to the Marshal of the United States District

Court for the District of New Jersey (the "Marshal") for sale by the Marshal, the proceeds of

such sale to be applied toward payment of the judgment.  Dkt. No. 583.  Judgment Creditors also

---

[1] The Judgment Creditors are Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon,
Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn
Kulaptip, Wanwise Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit.

move for an order, pursuant to Federal Rule of Civil Procedure 69 and CPLR 5234, (1) granting

Judgment Creditors priority over other creditors over the property of Judgment Debtors,[2]

including the investment account of Yasuko and Masahiko until the judgment is satisfied; and (2)

compelling Yasuko and Masahiko to pay the remaining balance of the judgment forthwith to the

extent that the funds in the Merrill accounts are insufficient to satisfy the judgment.  *Id.*  The

Court heard argument from both parties on this motion at a conference held on December 19,

2022.

Familiarity with the prior proceedings in this case is assumed.  On August 8, 2022, the

Court awarded Judgment Creditors $687,825.81 in damages and penalties and $1,110,807.82 in

attorneys' fees and costs and post-judgment interest against Judgment Debtors jointly and

severally.  Dkt. No. 512.  Judgment for this amount was entered by the Clerk of Court on August

10, 2022.  Dkt. No. 514.  To date, Judgment Debtors have not paid any portion of the Judgment.

Dkt. No. 584 ¶ 7; Dkt. No. 607 ¶ 4.

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction

over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'"

*Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (quoting *Peacock v. Thomas,* 516 U.S. 349,

354 (1996)).  "This includes proceedings to enforce the judgment."  *Id.*; *see Jones v. Milk River

Café, LLC*, 2022 WL 3300027, at *3 (E.D.N.Y. Aug. 11, 2022); *VFS Fin., Inc. v. Elias-Savion-

Fox LLC*, 73 F. Supp. 3d 329, 335 (S.D.N.Y. 2014).  Under Federal Rule of Civil Procedure 69,

state law generally supplies the procedures for enforcement of the judgment.  The Rule provides:

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or

execution—must accord with the procedure of the state where the court is located . . . ."  Fed. R.

---

[2] The Judgment Debtors are Ramen-Ya Inc. ("RYI"), Yasuko, Masahiko, and Miho Maki.

Civ P. 69(a)(1).

CPLR 5225(a) provides in pertinent part:

Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

CPLR 5225(c) provides that "[t]he court may order any person to execute and deliver any document necessary to effect payment or delivery."

Judgment Creditors have submitted evidence that Yasuko maintains an investment account at Merrill with the account number ending in 3453, that Masahiko maintains an investment account at Merrill with an account number ending in 3454, and that they collectively hold cash and other assets with a value of $218,000. Dkt. No. 584 ¶ 8; Dkt. No. 602-1. The Court has authority under CPLR 5225(a) to order Yasuko and Masahiko to turn over the funds in those accounts to Judgment Creditors.

That the Merrill accounts were opened in New Jersey does not change this conclusion.[3] "[A]s long as the New York court has personal jurisdiction over a defendant, regardless of whether it is the judgment debtor himself, or the garnishee bank, the court may order it to turn over out-of-state property to a judgment creditor." *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011); *see also Koehler v. Bank of Bermuda Ltd.*, 911 N.E.2d 825, 830 (N.Y. 2009).

Judgment Debtors argue that CPLR 5205(c)(2) protects them from having to turn over

---

[3] Originally, it was represented to the Court that the investment accounts were opened in New York County. Dkt. No. 584 ¶ 8. However, the Court was informed at the conference on December 19, 2022 that the accounts were actually opened in New Jersey.

assets in their retirement accounts.  Dkt. No. 604 at 2.[4]  That provision shields certain retirement

accounts from turnover or garnishment by creditors.  C.P.L.R. 5205(c)(2); *see Bellco Drug Corp.*

*v. Bear Stearns & Co., Inc.* 1999 WL 399903, at *2 (N.Y. Cty Court Nassau Cty Apr. 12, 1999)

(holding that all trusts, custodial accounts, monies, assets or interests qualified as individual

retirement accounts under Section 408 of the Internal Revenue Code are exempt from attachment

to enforce a money judgment).  However, it does not apply here.  CPLR 5205 goes on to state

that "[a]dditions to an asset described in paragraph two of this subdivision shall not be exempt

from application to the satisfaction of a money judgment if (i) made after the date that is ninety

days before interposition of the claim on which such judgment was entered, or (ii) deemed to be

voidable transactions under article ten of the debtor and creditor law."  C.P.L.R. 5205(c)(5); *see*

*VFS Fin., Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 348 (S.D.N.Y. 2014) ("Under the

anti-garnishment statute, 'any contributions to [the debtor's SRA/IRA] account made after the

date that is 90 days before the interposition of the claim on which the judgment herein was

entered are not exempt from execution.'" (quoting *Bellco*, 1999 WL 399903, at *2)).

This case was filed on April 3, 2017.  Notwithstanding Judgment Creditors' subpoena

requiring Judgment Debtors to produce all account statements for accounts in which they had

any legal or equitable interest from January 1, 2014 forward, Dkt No. 577-1, Judgment Debtors

have not submitted any evidence that the funds in the two accounts were deposited prior to the

date that is 90 days before April 3, 2017.  Therefore, the exemption does not apply, and

Judgment Debtors are required to, and will be ordered to, turn over the funds in the accounts.[5]

---

[4] Judgment Debtors refer to CPLR 5405(c)(2).  That provision has to do with the fees payable
when a foreign judgment is filed in New York courts.  The Court assumes that the reference to
CPLR 5405(c)(2) is the product of a typographical error.
[5] At the conference held on December 19, 2022, Judgment Debtors stated for the first time that
they have evidence that certain funds in these accounts were deposited prior to the date that is 90

Judgment Creditors also ask for an order pursuant to CPLR 5225(a) compelling Yasuko to transfer (and to execute and deliver any document necessary to effect such transfer) the real property she owns located at 309 Knickerbocker Road, Tenafly, New Jersey 07670 to the Marshal of the United States District Court for the District of New Jersey (the "Marshal") for sale by the Marshal, the proceeds of such sale to be applied toward payment of the judgment. Dkt. No. 583. Judgment Debtors argue that the Court does not have jurisdiction over the property located in New Jersey, Judgment Creditors should seek relief from the United States District Court for the District of New Jersey where Judgment Creditors have domesticated the judgment, and Plaintiff do not advance any arguments over how they would have priority over the real property "especially since there are at least two banks who are primary creditors and have liens and mortgages on that real property." Dkt. No. 604 at 1. They also argue that New Jersey may have a homestead exemption. *Id.* Judgment Creditors respond that the Court has ancillary jurisdiction to enforce the judgment, that Yasuko has no basis to assert the rights of other lienholders who can assert their rights as appropriate, and that because the Court has personal jurisdiction over the Judgment Debtors it also has jurisdiction to order them to turn over property (real or personal) outside of the District (and outside the State). Dkt. No. 608 at 5-6.

The basis for the order that Plaintiffs seek, *i.e.*, CPLR 5225(a), only applies to a judgment debtors' "possession or custody of *money or other personal property* in which he has an

---

days before April 3, 2017. No such evidence was offered in connection with Judgment Debtors' opposition to this motion, which was filed approximately 20 days after Judgment Creditors filed their motion. Nor was any such evidence provided in connection with Judgment Creditors' subpoena which was originally returnable in August 2022. Dkt. No. 577-1. The Court makes this decision on the basis of the evidence and the record before it. To the extent that Judgment Debtors have new evidence, the proper vehicle within which to raise such evidence is in a motion for reconsideration, assuming that such motion satisfies the appropriate standards. It is not to reopen this motion or to require Judgment Creditors to respond to proffers offered on the fly during oral argument.

interest." C.P.L.R. 5225(a) (emphasis added).  In other words, it can only be used to force a

turnover of money and personal property of the Judgment Debtor.  Here, however, Judgment

Creditors are seeking a turnover order of Yasuko's real property and the deed to that real

property, which are not subject to turnover by this statutory provision.  *See DeFlora Lake*

*Development Assocs., Inc. v. Hyde Park*, 689 F. App'x 93 (2d Cir. 2017) ("The disposition of

real property is not subject to turnover order under CPLR § 5225"); *Bernard v. Lombardo*, 2016

WL 7377240, at * 2; *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co.*, B.V., 836 N.Y.S.2d 4, 12

(1st Dep't 2007) (holding that real property was not subject to turnover order under CPLR

5225(a)).

Plaintiffs acknowledge that the "authority conferred to New York courts under CPLR

5225 is, by its terms, directed toward personal property," but note that the "Court can, in the

circumstances of this matter, issue orders in aid of Judgment Creditors' rights to turnover of

property held in other jurisdictions." Dkt. No. 608 at 6.  Plaintiffs appear to point to CPLR 5240

as authority for this proposition.  *Id.*  This argument is unavailing.  "'CPLR 5240 permits a court

at any time, on its own initiative or the motion of any interested person' to issue an order

denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement

procedure'—and therefore grants the court substantial authority to order equitable relief."

*Anderson Kill P.C. v. Anderson Kill P.C. as Escrowee*, 17 N.Y.S.3d 381 (N.Y. Sup. Ct.), *aff'd*

*sub nom. Anderson Kill, P.C. v. Anderson Kill, P.C.*, 134 A.D.3d 552, 22 N.Y.S.3d 20 (2015).

However, the plain purpose of CPLR 5240 is "to prevent the brutal use of legal procedures

against a judgment debtor." *Midlantic Nat. Bank/N. v. Reif*, 732 F. Supp. 354, 356 (E.D.N.Y.

1990); *see Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 183 N.E.3d 1185, 1193

(N.Y. 2021).  In other words, "[i]ts use is strictly to aid a party inequitably burdened by the use

of enforcement procedures by his adversary and to allow him an opportunity to either meet his

legal obligation or postpone the enforcement of a judgment until such time that its enforcement

is more properly sought." *Reif*, 732 F. Supp. 354, 356–57 (quoting *Kolortron Sys., Inc. v. Casey*,

688, 500 N.Y.S.2d 36, 36 (2d Dep't 1986)); *see also KLS Diversified Master Fund, LP. v.

McDevitt*, 2022 WL 220058, at *5 (S.D.N.Y. Jan. 25, 2022).  In light of this purpose of the

statute, this Court declines to use CPLR 5240 to allow the Judgment Creditors to bypass the clear

language of CPLR 5225(a) and obtain a turnover order regarding the New Jersey property.  *See

Adler v. Solar Power, Inc.*, 2018 WL 11447340, at *2 (S.D.N.Y. Apr. 9, 2018) ("New York

courts have recognized that concerns of comity and sovereignty render attachment of real

property located outside of the state inappropriate at the very least.").

Thus, Plaintiffs' request for a turnover order of Yasuko's property in New Jersey

pursuant to CPLR 5225(a) or CPLR 5240 is denied, without prejudice to Plaintiffs providing a

different, valid basis for such an order.

With respect to the requested order under CPLR 5234, the motion of Judgment Creditors

for an order compelling Yasuko and Masahiko to pay the remaining balance of the judgment

forthwith to the extent that the funds in the Merrill accounts are insufficient to satisfy the

judgment is denied.  "[A] judgment creditor seeking a turnover order must identify the particular

property as to which it seeks a turnover, whether a specific bank account, account receivable, or

office furniture." *Bernardo v. Lombardo*, 2016 WL 7377240, at *2 (S.D.N.Y. Nov. 23, 2016)

(internal citations and quotations omitted). *See also Mattel, Inc. v. www.fisher-price.online*, 2022

WL 2801022, at *14 (S.D.N.Y. July 18, 2022) ("Courts in this District have denied plaintiffs'

section 5225 motions without prejudice when plaintiffs fail to identify the particular property as

to which they seek a turnover.").

7

Judgment Creditors argued at the December 19, 2022 conference that they should be excused from the requirement that they identify the particular property as to which they seek a turnover as Judgment Debtors have not been forthcoming about the nature and extent of their U.S. property and assets.  However, where a judgment debtor is not forthcoming about his or her assets in response to subpoenas and document requests, the proper remedy is a motion for contempt sanctions for failure to comply with court orders regarding postjudgment discovery, including for criminal contempt if the standards for such relief are met.  It is not, in the first instance, a blanket order requiring the judgment debtor to turn over all of his or her assets without identifying those assets.

Finally, the motion of Judgment Creditors under CPLR 5234 for an order granting Judgment Creditors priority over other creditors over the property of Judgment Debtors is denied as not ripe for consideration.  Judgment Creditors have not, at this point, identified any particular creditor who has claimed priority to any of Judgment Debtors' property.  Judgment Debtors represented at argument that there is no competing turnover order with respect to the investment accounts.  Judgment Creditors may reapply for such relief in the event that this issue later becomes ripe.

## CONCLUSION

The motion to enforce the judgment is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to close Dkt. No. 583.

SO ORDERED.

Dated: December 19, 2022
      New York, New York             _____
                                       LEWIS J. LIMAN
                               United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/24/2023__
```

-------------------------------------------------------------------X
                            :

ORNRAT KEAWSRI, et al.,                  :

                   Plaintiffs,      :

                          :         17-cv-02406 (LJL)

        -v-                :

                          :      MEMORANDUM AND

RAMEN-YA INC. et al,             :       ORDER

                          :

               Defendants.     :

                          :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       The RYI Defendants,[1] as Judgment Debtors, move for reconsideration of this Court's

order of December 19, 2022, ordering Yasuko and Masahiko Negita to turn over funds in Merrill

accounts ending in 3453 and 3454 (together, "Merrill Accounts" and, each individually, "Merrill

Account").  The RYI Defendants argue, based on purportedly newly-discovered evidence, that

all but $11,451.26 in the account ending 3454 is exempt under C.P.L.R. § 5205(c)(2) and all but

$12,932.19 in the account ending 3455 is exempt under that same provision of the C.P.L.R.  Dkt.

No. 627.  For the reasons that follow, the motion is denied.

## BACKGROUND

       Familiarity with the prior proceedings in this matter and the Court's prior opinions and

orders are assumed.  Plaintiffs and Judgment Creditors brought this action under the Fair Labor

Standards Act ("FLSA") and New York Labor Law ("NYLL") against the RYI Defendants,

---

[1] The RYI Defendants are Yasuko Negita ("Yasuko"), Masahiko Negita ("Masahiko"), Miho
Maki ("Maki"), and Ramen-Ya Inc.  RYI Defendants have occasionally been referred to as the
RYI Judgment Debtors and Plaintiffs occasionally have been referred to as the Judgment
Creditors.  For convenience, the Court refers to "RYI Defendants" and to "Plaintiffs" in this
Memorandum and Order.

Y&S International Corporation ("Y&S"), Kenji Kora ("Kora"), and others.  Dkt. No. 182.  On

August 8, 2022, the Court awarded Plaintiffs $687,825.81 in damages and penalties,

$1,110,807.82 in attorneys' fees and costs, as well as post-judgment interest, and held that the

RYI Defendants as well as Y&S and Kora are jointly and severally liable for all amounts due.

Dkt. No. 512.  The clerk entered judgment in that amount on August 10, 2022.  Dkt. No. 514 ¶ 8.

Since then, Plaintiffs have sought to collect from the RYI Defendants, as well as Y&S

and Kora.  On August 15, 2022, Plaintiffs served on each of the RYI Defendants a subpoena

duces tecum and subpoena ad testificandum compelling their attendance and requiring them to

produce certain documents related to the nature, extent, and location of their assets.  Dkt. No.

577 ¶ 6.  The subpoenas served on Yasuko, Negita, and Maki requested, among other things,

financial account information, both for accounts held in the United States and in any foreign

country.  *Id.* ¶ 7.

After the subpoenas were served, RYI Defendants sought various deadline extensions for

the production of documents as well as for the depositions of the RYI Defendants.  *Id.* ¶¶ 8–11.

On August 25, 2022, the Court ordered the RYI Defendants to deliver to counsel for Plaintiffs

"all documents identified in the subpoena duces tecum and subpoena ad testificandum served on

each of the RYI Defendants."  Dkt. No. 523.  On August 25, 2022, Plaintiffs agreed to extend the

deadline for RYI Defendants to produce all responsive documents until August 29, 2022.  Dkt.

No. 577 ¶ 12.  On August 29, 2022, the RYI Defendants failed to produce responsive documents

and instead asserted various objections to each category of documents set forth in the subpoenas.

*Id.* ¶ 15.

Due to the RYI Defendants' refusal to produce responsive documents, Plaintiffs filed a

motion on August 31, 2022 requesting an order (i) finding the RYI Defendants in contempt of

court, (ii) compelling the RYI Defendants to produce all documents and information sought by
Plaintiffs, and (iii) imposing sanctions against each of the RYI Defendants and their respective
counsel for their contempt of court, among other relief.  Dkt. No. 530.  The Court held a
conference on September 27, 2022, regarding that request.  Dkt. No. 560.  At that conference, the
Court granted Plaintiffs' motion in part and denied it in part.  The Court found that "Plaintiffs
have established by clear and convincing evidence that each of the Defendants have violated the
Court's rulings through Defendants' refusal to produce documents and information sought by
Plaintiffs." *Id.* at 1–2.  The Court therefore imposed sanctions on RYI Defendants to compel
compliance.  *Id.* at 2.

Plaintiffs made their motion to enforce the judgment and for turnover on November 18,
2022, asking for the turnover of funds in the Merrill Accounts.  Dkt. No. 583.  In their
declaration in support of that motion, Plaintiffs offered evidence that Yasuko owned the Merrill
Account ending in 3453 and Masahiko owned the Merrill Account ending in 3454.  Dkt. No.
584.  At a conference with the Court on November 23, 2022, counsel for Plaintiffs foreshadowed
the issue that is now raised on this motion.  During colloquy with the Court on the status of the
RYI Defendants' compliance with the Court's orders and the schedule with respect to the motion
to enforce the judgment and for turnover, Plaintiffs' counsel stated that the RYI Defendants had
the "responsibility to produce documents with respect to the moneys that were deposited into the
[Merrill] account because they may have the right to withhold some of those moneys pursuant to
the rules" and noted that the RYI Defendants had not done so.   Dkt. No. 619 at 59.  She stated:
"I'm just letting them know, they need to provide the specifics with respect to the account." *Id.*
The Court responded:  "Why isn't the appropriate procedure for them, in their opposition papers,
to indicate the amounts that need to be withheld under New York State law … [and] [i]f they

3

don't indicate amounts that need to be withheld, then they would be considered [to have] waived

that issue." *Id.* at 59–60.  The Court asked counsel for the RYI Defendants whether he objected

to proceeding in that manner and he responded that he did not.  *Id.* at 60.  The Court then gave

the RYI Defendants the time they requested to respond to Plaintiffs' motion.  *Id.*

    On December 8, 2022, the RYI Defendants submitted their response to the motion.  Dkt.

No. 604.  The response argued broadly (and incorrectly) that C.P.L.R. § 5205(c)(2) shielded

retirement accounts from turnover and any monies in the Merrill Accounts should be withheld in

full.  *Id.*  In their reply memorandum dated December 15, 2022, Plaintiffs correctly pointed out

that C.P.L.R. § 5205(c) does not protect funds in retirement accounts if deposited after the date

that is ninety days before the commencement of a lawsuit.  Dkt. No. 608 at 3.  Plaintiffs also

argued that the RYI Defendants had failed to produce evidence that the Merrill Accounts were

opened prior to January 3, 2017 (*i.e.*, 90 days prior to the commencement of their lawsuit), or

that deposits were made into the accounts prior to that date, such that monies in the accounts

would be exempt.  Dkt. No. 608 at 4.  By order of December 16, 2022, the Court set a hearing

for December 19, 2022 on the motion to enforce the judgment and for turnover and directed that

the parties be prepared to present any evidence that they wished the Court to consider on that

motion.  Dkt. No. 609.  RYI Defendants did not submit any evidence at the hearing on December

19, 2022, but they argued that monies in the accounts had been deposited prior to January 3,

2017 and were therefore exempt.

    The Court's order of December 19, 2022 granted Plaintiffs' motion, pursuant to C.P.L.R,

§ 5225(a), to compel Yasuko to immediately pay Plaintiffs the funds in the Merrill Account

ending 3453 and Masahiko to immediately pay Plaintiffs the funds in the Merrill Account ending

3454.  Dkt. No. 616 at 4.  The Court rejected the RYI Defendants' argument that C.P.L.R.

§ 5205(c)(2) shielded the assets in the Merrill Accounts from being turned over to satisfy the

judgment.  *Id.* at 3–4.  The Court noted that while that provision shields retirement accounts from

turnover or garnishment by creditors, it does not apply to additions to a retirement account made

after the date that is ninety days before interposition of the claim on which judgment was

entered.  *Id.*  That date here would have been January 3, 2017 because Plaintiffs' complaint was

filed on April 3, 2017.  The Court wrote:

> Notwithstanding Judgment Creditors' subpoena requiring Judgment Debtors to produce all account statements for accounts in which they had any legal or equitable interest from January 1, 2014 forward, Dkt. No. 577-1, Judgment Debtors have not submitted any evidence that the funds in the two accounts were deposited prior to the date that is 90 days before April 3, 2017.  Therefore, the exemption does not apply, and Judgment Debtors are required to, and will be order to, turn over the funds in the accounts.

*Id.* at 4.  In a footnote to its Memorandum and Order, the Court noted:

> At the conference held on December 19, 2022, Judgment Debtors stated for the first time that they have evidence that certain funds in these accounts were deposited prior to the date that is 90 days before April 3, 2017. No such evidence was offered in connection with Judgment Debtors' opposition to this motion, which was filed approximately 20 days after Judgment Creditors filed their motion. Nor was any such evidence provided in connection with Judgment Creditors' subpoena which was originally returnable in August 2022. Dkt. No. 577-1. The Court makes this decision on the basis of the evidence and the record before it. To the extent that Judgment Debtors have new evidence, the proper vehicle within which to raise such evidence is in a motion for reconsideration, assuming that such motion satisfies the appropriate standards. It is not to reopen this motion or to require Judgment Creditors to respond to proffers offered on the fly during oral argument.

*Id.* at 4 n.5.

## DISCUSSION

The RYI Defendants argue that the Court should reconsider its December 19, 2022 order

"because newly submitted evidence clearly demonstrates that majority [sic] of the funds in the

Merrill accounts were deposited prior to January 3, 2017."  Dkt. No. 627 at 2.  In support of that

motion, they submit bank statements that show that Masahiko made deposits totaling $11,451.26

to the account ending 3454 since 2017 and Yasuko made deposits to the account ending in 3452

totaling $12,932.19 since 2017.  *Id.*  They claim only $14,000 ($7,000 each) was deposited after

January 3, 2017.  *Id.*  The RYI Defendants do not object to the turnover of the $14,000 but argue

that the remainder of the funds in the accounts are exempt.  *Id.* at 4.  Plaintiffs respond that

reconsideration is not appropriate because the RYI Defendants do not identify any newly

discovered facts that they could not have located without reasonable diligence: Yasuko and

Masahiko were aware months before the motion for turnover that the account statements were

relevant to the identification of assets when those account statements were subpoenaed on

August 15, 2022, yet in response to those subpoenas they produced only one page of their

respective Merrill Accounts for the April to June 2022 time period.  Dkt. No. 628 at 5.  Plaintiffs

also argue that the December 19, 2022 order should not be reconsidered on grounds of "manifest

injustice"; that basis for relief is not available when the motion is based on newly-discovered

evidence and there is no manifest injustice in requiring the RYI Defendants to turn over funds in

the Merrill Accounts that they earned from their violations of FLSA and the NYLL, particularly

when they could have asserted evidence to support the exemption far earlier and in response to

Plaintiffs' motion but failed to do so.  *Id.* at 9–11.

   The RYI Defendants style their motion as one for reconsideration.  "A motion for

reconsideration should be granted only if the movant identifies 'an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.'"  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020)

(quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d

Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In*

*re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The standard

for granting a motion for reconsideration "is strict, and reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked—

matters, in other words, that might reasonably be expected to alter the conclusion reached by the

Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for

reconsideration is not a "vehicle for relitigating old issues, presenting the case under new

theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Spin

Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684

F.3d 36, 52 (2d Cir. 2012)).

In opposition, Plaintiffs make reference to the standards for relief under Federal Rule of

Civil Procedure 60(b). The rule addresses the standards and procedures for the court to relieve a

party "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Federal Rule of Civil

Procedure 60(b)(2) provides that within a year of the entry of the judgment or order or the date of

the proceeding, a party may move for relief based on "newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule

59(b)." Fed. R. Civ. P. 60(b)(2). The Second Circuit has repeatedly held that:

> To prevail on a motion for relief from a judgment on the grounds of newly
> discovered evidence, a party must establish that: "(1) the newly discovered
> evidence was of facts that existed at the time of trial or other dispositive proceeding,
> (2) the movant must have been justifiably ignorant of them despite due diligence,
> (3) the evidence must be admissible and of such importance that it probably would
> have changed the outcome, and (4) the evidence must not be merely cumulative or
> impeaching."

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020) (quoting

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).[2]

---

[2] Federal Rule of Civil Procedure 60(b)(6) also provides that the court may relieve a party of a
final order, at any time, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

In the case at hand, the RYI Defendants have not shown "new evidence" or "manifest injustice" justifying reconsideration of this Court's December 19 order or relief under Rule 60(b)(2).  The RYI Defendants' motion is based on the contention that the majority of the funds in the Merrill Accounts were deposited prior to January 3, 2017.  But that information was available to the RYI Defendants at the time that they filed their opposition to the motion to enforce the judgment and for turnover.  It is based on deposits made by Yasuko and Masahiko themselves.  There is no reason, and the RYI Defendants offer none, why, if they believed that the funds were exempt, they could not have submitted an affidavit or a declaration in connection with their opposition, explaining that the funds were exempt.  Nor were the account statements new evidence that was not previously available to the RYI Defendants before the Court entered its order.  The account statements were requested by Plaintiffs as early as August 2022.  They were the subject of an order to produce dated August 25, 2022, with a deadline of August 29,

---

"Rule 60(b)(6) [is] a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'"  *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 344–45 (2d Cir. 2021) (quoting *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020)); *see Obra Pia Ltd. v. Seagrape Invs. LLC*, 2021 WL 1978545, at *2 (S.D.N.Y. May 18, 2021) (same).  In other words, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."  *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 30 (2d Cir. 2021) (quoting *Int'l Brotherhood of Teamsters*, 247 F.3d at 391–92).  "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order."  *Obra Pia Ltd.*, 2021 WL 1978545, at *2 (quoting *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009)).

Here, Federal Rule of Civil Procedure 60(b)(6) does not apply because "[a]lthough [the RYI Defendants] failed to carry [their] burden under" Rule 60(b)(2), as explained *supra* pp. 8–9, their "reasons for seeking relief from the judgment fell within" that more specific clause "thereby disqualifying [them] from obtaining relief under Rule 60(b)(6)."  *Castro*, 852 F. App'x at 30 .  The RYI Defendants also did not invoke this catch-all provision in their motion papers or explain why it would apply and thus separately have not met their burden.  *See Obra Pia Ltd.*, 2021 WL 1978545, at *2 (noting burden is on person moving for Rule 60(b) relief).

2022.  The RYI Defendants were held in contempt in September 2022 for failure to produce the

account statements with additional sanctions running each day in which they were not produced,

Dkt. No. 560, the Court gave the RYI Defendants notice in late November 2022 of the need to

submit specific information to the Court justifying any withholdings under New York State law

as to the Merrill Accounts and then gave them the time they needed to submit their opposition to

the motion, Dkt. No. 619 at 59–60, and the Court directed the RYI Defendants on December 16,

2022 to bring to Court any evidence they intended to rely upon in opposition to the motion, Dkt.

No. 609.  The RYI Defendants failed to produce the account statements in response to any of

these requests or demands.  To the contrary, it was not until December 19, 2022—months after

the RYI Defendants had been ordered to produce the account statements—that the RYI

Defendants even requested the account statements from their representative at Merrill.  Dkt. No.

629-2 at 5.  And then the account representative was able to readily and quickly produce the

account statements.

The account statements thus are not newly discovered evidence or new evidence.  They

are evidence that the RYI Defendants always had available to them with the sending of an email.

They simply decided not to request them in response to Plaintiffs' subpoenas and the Court's

prior orders.  To grant the motion to reconsider now, on the basis of the account statements,

would be to reward the RYI Defendants for their own intransigence.  A party may not obtain

relief based upon evidence that it could have offered earlier but, either through negligence or

deliberate sandbagging, chose not to offer.  To do so neither satisfies Local Rule 6.3 nor Rule

60(b).

Because the RYI Defendants' request for relief fails regardless, the Court does not decide

whether Local Rule 6.3 (for motions for reconsideration or reargument) or Federal Rule of Civil

Procedure 60(b) applies.[3]

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 627.


SO ORDERED.

Dated: January 24, 2023
     New York, New York
                                  _____
                                     LEWIS J. LIMAN
                               United States District Judge

---

[3] Rule 60(b) does not apply to interlocutory orders.  *See* Fed. R. Civ. P. 60(b), advisory committee notes to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief, and hence interlocutory orders are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford relief from them as justice requires."); *see also Stern v. Highland Lake Homeowners*, 2021 WL 1164718, at *4 (S.D.N.Y. Mar. 26, 2021) (Rule 60(b) not applicable to preliminary injunctions which are not final judgments or orders); *Bridgeforth v. Mckeon*, 2012 WL 3962378, at *2 (W.D.N.Y. Sept. 10, 2012) (Rule 60(b) not applicable to interlocutory order).