| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **Traurig Law LLC**<br>Jeffrey M. Traurig, Esq.<br>One University Plaza, Suite 124<br>Hackensack, New Jersey 07601<br>(646) 974-8650 (Telephone)<br>jtraurig@trauriglaw.com<br>*Co-counsel to Judgment Creditors*<br><br>**FLORENCE ROSTAMI LAW LLC**<br>Florence Rostami *(admitted pro hac vice)*<br>Neal Haber *(admitted pro hac vice)*<br>420 Lexington Avenue, Suite 1402<br>New York, New York 10170<br>T (212) 209-3962<br>F (212) 209-7101<br>*Lead Counsel to Judgment Creditors* | |
| In re:<br><br>Masahiko and Yasuko Negita,<br><br>        Debtors. | Case No.: 23-12365 (SLM)<br><br>Hon. Stacey L. Meisel U.S.B.J.<br><br>Chapter 11 |

**ORDER (i) STRIKING MASAHIKO NEGITA FROM SUBCHAPTER V; (ii) DETERMINING THE BANKRUPTCY ESTATES OF MASAHIKO NEGITA AND YASUKO NEGITA SHOULD NOT BE SUBSTANTIVELY CONSOLIDATED AND SHALL BE SEPARATELY DETERMINED; AND (iii) HOLDING THAT DEBTORS ARE NOT ENTITLED TO ANY EXEMPTION WITH RESPECT TO THE IRA AND <u>SEP IRA ACCOUNTS LISTED IN DEBTORS' SCHEDULES</u>**

The relief set forth on the following page, numbered two (2) is hereby **ORDERED.**

Page:    2
Debtor:    In re:  Masahiko and Yasuko Negita
Case No.:  23–12365 (SLM)
Caption:   ORDER (i) STRIKING MASAHIKO NEGITA FROM SUBCHAPTER V; (ii) DETERMINING THE BANKRUPTCY ESTATES OF MASAHIKO NEGITA AND YASUKO NEGITA SHOULD NOT BE SUBSTANTIVELY CONSOLIDATED AND SHALL BE SEPARATELY DETERMINED; AND (iii) HOLDING THAT DEBTORS ARE NOT ENTITLED TO ANY EXEMPTION WITH RESPECT TO THE IRA AND SEP IRA ACCOUNTS LISTED IN DEBTORS' SCHEDULES

---

This matter having been brought before the Court on application for an Order (i) pursuant to Fed.R.Bankr.P. 1020(b) to strike designation of Masahiko Negita ("Masahiko") as a debtor whose estate can be administered pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code; (ii) that Yasuko Negita ("Yasuko") and Masahiko (jointly "Debtors"), who have filed with this Court a consolidated petition for bankruptcy has created and/or maintained two separate estates in bankruptcy that cannot be consolidated and that consequently the estates of Yasuko and Masahiko should be disaggregated and determined separately; and (iii) that pursuant to Fed.R.Bankr.P. 4003, Debtors are not entitled to any exemptions for any amount of the assets of the IRA: Merrill Lynch and SEP IRA: Merrill Lynch accounts listed on Schedule C of the Summary of Your Assets and Liabilities and Certain Statistical Information (the "Schedule") [Doc. 19]; it is

**ORDERED** that Masahiko Negita ("Masahiko") is stricken as a debtor whose estate can be administered pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code, and it is further;

**ORDERED** that the petition filed in this matter is for two separate estates in bankruptcy that cannot be substantively consolidated and that consequently the estates of Yasuko and Masahiko should be disaggregated and determined separately, and it is further

**ORDERED** that Debtors are not entitled to any exemptions for any amount of the assets of the IRA: Merrill Lynch and SEP IRA: Merrill Lynch accounts listed on Schedule C of the Summary of Your Assets and Liabilities and Certain Statistical Information (the "Schedule") [Doc. 19].